J-S88025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DOUGLAS ROBERSON | |
| Appellant | No. 3581 EDA 2015 |

Appeal from the Judgment of Sentence October 14, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002763-2015

BEFORE:  OLSON, J., RANSOM, J., and STRASSBURGER, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 08, 2017**

Appellant, Douglas Roberson, appeals from the judgment of sentence of two years of reporting probation, following a bench trial resulting in his conviction for fleeing or attempting to elude police.[1]  We affirm.

In January 2015, Appellant was driving in the City and County of Philadelphia when Police Officers Richard Hanton ("Officer Hanton") and Leon Telesford ("Officer Telesford") observed Appellant commit a traffic violation. Notes of Testimony (N.T.), 10/14/15 at 10-11.  The police activated the lights and sirens of their marked patrol car and pulled Appellant over.  *Id*. at 11-12.  Once Appellant stopped, both officers exited their patrol car and

_____

[1] *See* 75 Pa.C.S. § 3733.

* Retired Senior Judge assigned to the Superior Court.

approached Appellant's vehicle. *Id*. Officer Hanton requested Appellant's driver's license and vehicle registration from the driver's side of the vehicle. *Id*. Appellant provided his driver's license through his lowered widow. *Id*. at 12-13. Officer Hanton testified that Appellant kept moving his right hand in a stuffing manner between the center console and the driver's seat, and Officer Telesford repeatedly told Appellant to keep his hand visible. *Id*. When Officer Telesford asked Appellant if there was a firearm in the vehicle, Appellant said, "F--- you," put the vehicle in drive and took off at a high rate of speed. *Id*. The officers returned to their patrol car and began to pursue Appellant but eventually ceased because they had Appellant's license plate number and driver's license. *Id*. at 14-17.

Appellant, conversely, testified that he did not commit a traffic violation. *Id*. at 45. Appellant further testified that he was asked whether he had any guns or drugs in the car and replied in the negative. *Id*. at 45-46. Appellant testified that after providing his driver's license, Officer Hanton asked him to exit the vehicle, and when Appellant asked why, Officer Hanton said, "I will let you know." *Id*. Appellant subsequently stated he asked for a supervisor to come to the scene and Officer Hanton's demeanor changed negatively. *Id*. at 45-47. Appellant then stated that Officer Hanton told him "to step out of the damn car." *Id*. at 48. Appellant testified that he rolled his window up and Officer Hanton began repeatedly banging on the window yelling, "Pull this window down, F---, F---, F--." *Id*. at 48.

Appellant then explained that he drove to one of his properties in North Philadelphia. *Id*. at 51-52

Following trial in October 2015, the court found Appellant guilty of the aforementioned charge. That same day, Appellant was sentenced to two years of probation. Appellant filed a motion to reconsider sentence, which was denied in November 2015.

Appellant timely filed a notice of appeal. The lower court ordered a Pa.R.A.P. 1925(b) statement in February 2016. In lieu of filing a Pa.R.A.P. 1925(b) statement, Appellate counsel, Jennifer A. Santiago, Esq. ("Ms. Santiago"), timely filed a statement of intent to file an *Anders*[2] brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court issued an opinion in May 2016, which extensively outlined the testimony at trial and specifically discussed the sufficiency of the evidence against Appellant.

Ms. Santiago filed an *Anders* brief. However, Ms. Santiago never filed an application to withdraw in which she asserted Appellant's claims were frivolous. Rather, in September 2016, this Court granted Ms. Santiago leave to withdraw because she had closed her legal practice. Accordingly, we also directed the trial court to appoint new counsel on Appellant's behalf. The trial court appointed Douglas Earl, Esq. ("Mr. Earl") but directed no further compliance with Rule 1925.

---

[2] ***Anders v. California***, 386 U.S. 738 (1967);*see also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

In January 2017, this Court issued an order directing Mr. Earl to file an advocate's brief or a new application to withdraw along with a proper **Anders** brief. Mr. Earl complied and filed an advocate's brief in February 2017.

Appellant presents the following question for our review:

1. Did the trial court err by finding Appellant guilty of fleeing or attempting to elude an officer as the evidence was insufficient?

Appellant's Brief at 3.

In his only issue, Appellant purports to challenge the sufficiency of the evidence presented at trial. "In order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove." **Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citing **Commonwealth v. McDonald**, 17 A.3d 1282, 1286 (Pa. Super. 2011)). Appellant offers no analysis of any particular elements that comprise the charges against him. **See** Appellant's Brief at 11-12. Accordingly, Appellant has waived this claim for lack of development. **Samuel**, 102 A.3d at 1005.[3]

---

[3] Appellant's contention that he feared for his safety is of no moment, as the defense available under 75 Pa.C.S. § 3733(c)(2) only applies to Appellant's failure to stop immediately. **See** 75 Pa.C.S. § 3733(c)(2) ("It is a defense … if the defendant can show by a preponderance of the evidence that the failure to stop immediately for a police officer's vehicle was based upon a good faith concern for personal safety.").

Absent waiver, the evidence was sufficient to convict Appellant of fleeing or attempting to elude a police officer.

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed. So long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, his convictions will be upheld.

*Commonwealth v. McKellick*, 24 A.3d 982, 990 (Pa. Super. 2011) (citations omitted).

> In relevant part, Section 3733(a) of the Motor Vehicle Code provides:

> Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits [a misdemeanor of the second degree].

75 Pa.C.S. § 3733(a), (a.2)(1).

In the instant case, uniformed police officers in a marked police vehicle used audio and visual signals to instruct Appellant to stop his vehicle. N.T. 10/14/15 at 46. Appellant acknowledged that he was aware of these signals to stop. *Id*. Appellant initially complied. *Id*. at 48-49. However, Appellant conceded that he drove off. *Id*. Viewed in the light most favorable to the Commonwealth as the verdict winner, this evidence was sufficient to

establish that Appellant was guilty of fleeing a police officer. **See**

**McKellick**, 24 A.3d at 990; 75 Pa.C.S. § 3733(a).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017