475 A.2d 145

**COMMONWEALTH of Pennsylvania**

**v.**

**Ronald Gene MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1984.

Filed April 27, 1984.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, WIEAND and HESTER, JJ.

WIEAND, Judge:

Ronald Gene Miller was tried before a jury which found him guilty of disorderly conduct [1] and resisting arrest.[2] Post-verdict motions were denied, and Miller was sentenced to pay a fine of $100.00 [3] and was placed on probation for concurrent terms of one year. On direct appeal, he does not contest the conviction for disorderly conduct. However, he does contend that the evidence was insufficient to support a conviction for resisting arrest. He also contends that the trial court erred in denying three points for charge

1. 18 Pa.C.S. § 5503(a).

2. 18 Pa.C.S. § 5104.

3. The fine was imposed for resisting arrest only.

which related to that part of the definition of resisting arrest which requires that police be engaged in making a lawful arrest. We find no merit in these contentions and will affirm the judgment of sentence.

Resisting arrest has been made a misdemeanor of the second degree by Section 5104 of the Crimes Code. The offense is committed when

"... with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, [a] person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance."

The intent of this section is "to confine the offense to forcible resistance that involves some substantial danger to the person." S. Toll, *Pennsylvania Crimes Code Annotated* § 5104 (1974), quoting Model Penal Code Comment, Tent. Draft No. 8, pp. 129–130. As a general rule, therefore, it is not criminal merely to "flee arrest." However, "where the circumstances of the flight expose the pursuing officers to substantial danger" a conviction for resisting arrest is proper. *Id.* The statute, it is clear, does not require the aggressive use of force such as a striking or kicking of the officer.[4] A person *resists* arrest by conduct which "creates a substantial risk of bodily injury" to the arresting officer or by conduct which justifies or requires "substantial force to overcome the resistance."

In determining whether the evidence was sufficient to sustain appellant's conviction, we must view the evidence in the light most favorable to the Commonwealth and, drawing therefrom all proper inferences which the jury could reason-

---

4. There is dictum in several prior decisions of this Court from which it can be inferred that we deem it an essential element of the crime of resisting arrest that the actor strike or kick the arresting officer. See: *Commonwealth v. Eberhardt*, 304 Pa.Super. 222, 450 A.2d 651 (1982) (Wieand, J., dissenting); *Commonwealth v. Rainey*, 285 Pa.Super. 75, 426 A.2d 1148 (1981) (Watkins, J., dissenting). Such an interpretation of the statute is contrary to the express language thereof. We decline to follow that dictum in the instant case.

ably have drawn, determine whether the evidence was sufficient to prove all elements of the crime beyond a reasonable doubt. *Commonwealth v. Contakos,* 492 Pa. 465, 468, 424 A.2d 1284, 1286 (1981); *Commonwealth v. Leatherbury,* 322 Pa.Super. 222, 226, 469 A.2d 263, 265 (1983); *Commonwealth v. Frank,* 322 Pa.Super. 6, 10, 468 A.2d 1131, 1133 (1983).

■ In the instant case, the evidence showed that the Manheim Township Police had been summoned to the Broad Axe Inn by its owner, John McPeake, because of a disturbance caused by appellant, his brother and several companions. When police arrived, they found appellant and his brother shouting obscenities. When appellant and his brother began to berate and curse at the police officers, they were ordered to leave the bar. They complied, but a discussion continued between appellant, his brother and the police outside in the parking lot. There, appellant was told that he would be cited for disorderly conduct. A scuffle ensued. When McPeake emerged from the inn, he found that "everything had broken loose.... They were attacking the police officers. Police officers were trying to get them in the cars. It was just one big fight outside.... At that time I didn't think the police officers could handle it. I came back inside and called in again. I just said on the phone that the police needed assistance. When I went back outside there must have been ... ten police cars out there.... There was police all over, and they still—even with all the police there it was so bad they still couldn't get them in the cars...."

John McEwen, a township police officer, told appellant in the parking lot that he would be cited for disorderly conduct, that he would be frisked, and that he would be released as soon as a citation had been prepared. Appellant yelled that he was being arrested to his brother, who was with Officer McCurdy, another policeman, in another portion of the parking lot. Appellant then began to struggle with McEwen. When McEwen, assisted by Lt. Rager, attempted to grab and pinion his arms, appellant struggled

by flailing his arms and by moving the upper part of his body horizontally back and forth in a rapid manner which the policeman demonstrated to the jury. Appellant also attempted to "push through" McEwen to go to the aid of his brother who had begun to struggle with McCurdy. McEwen and Lt. Rager then attempted to place handcuffs on appellant, but he resisted their efforts by "straining" against them with his arms and the upper part of his body. He continued to struggle as the police officers attempted to place him in the rear of a police car. To get him in the car, police found it necessary to lift appellant from the ground and physically push him into the rear of the police vehicle. As a result of the struggle, McEwen received a bruise of his lower right leg.

This testimony, which a jury found credible and elected to believe, demonstrated that appellant had committed the physical act proscribed by Section 5104 of the Crimes Code. He had resisted the police by means which required substantial force to overcome and had created a substantial risk of bodily injury to the police. He did so, moreover, with the intent of preventing the police from effecting a lawful arrest and from discharging their duty of restoring order and maintaining the peace.

The three points for charge submitted by appellant's counsel and refused by the trial court have not been preserved; they are not a part of the record on appeal. According to the brief filed by appellant in this Court, those points would have permitted the jury to find that the police were not making a lawful arrest if the jury believed the police intended only to cite appellant for the summary offense of disorderly conduct. This argument is patently without merit. In the first place, this Court has held that "[t]he trial judge [is] not required to place the question of the lawfulness of the appellant's arrest before the jury, that being a matter [of law for the court] which is subject to our review." *Commonwealth v. Franklin*, 248 Pa.Super. 145, 154, 374 A.2d 1360, 1365 (1977); *Commonwealth v. Stortecky*, 238 Pa.Super. 117, 120, 352 A.2d 491, 492 (1975). See

also: *Commonwealth v. Miller,* 303 Pa.Super. 504, 508, 450 A.2d 40, 41 (1982). Secondly, an arrest was proper under the circumstances of this case, even if appellant's only offense had been summary in degree. See: *Commonwealth v. Alford,* 321 Pa.Super. 257, 467 A.2d 1351 (1983); Pa.R.Crim.P. 51 A(3)(c). Finally, in the instant case, the loud, obscene and belligerent conduct of appellant and his companions imposed upon the police an additional obligation to act so to restore order and preserve the peace. Appellant's conduct, it could be found, was intended to prevent the police from discharging that duty.

The judgment of sentence is affirmed.