**COMMONWEALTH of Pennsylvania, Appellee**

v.

**John Maurice McDONALD, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 7, 2010.

Filed April 12, 2011.

---

 ---

Mary L. Klatt, Public Defender, Harrisburg, for appellant.

Christopher J. Schmidt, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

BEFORE: STEVENS, SHOGAN, and MUNDY, JJ.

OPINION BY STEVENS, J:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Dauphin County after a jury convicted Appellant John Maurice McDonald of unlawful delivery of a controlled substance,[1] possession of a small amount of marijuana,[2] possession of drug parapher-

---

1. 35 P.S. § 780–113(a)(30).

2. 35 P.S. § 780–113(a)(31).

nalia,[3] resisting arrest,[4] and flight to avoid apprehension, trial or punishment.[5] Appellant challenges the sufficiency of the evidence for his convictions for delivery of cocaine and resisting arrest. We affirm.

The relevant facts and procedural history of this case are as follows: On July 30, 2009, Harrisburg police officers set up an undercover drug purchase from Appellant, a suspected drug dealer. To undertake this operation, officers directed a confidential informant to contact Appellant and arrange to buy crack cocaine. In preparation for the controlled buy, Detective Jason Paul searched the informant for contraband and provided him with $100.00 marked police funds to use for the purchase.

Detective Dennis Morris, working undercover, accompanied the confidential informant to the arranged meeting location in the informant's vehicle. After the informant approached Appellant on foot, Detective Morris saw the informant give Appellant the marked money in exchange for a small object. Upon his return, the informant gave Detective Morris a small bag of crack cocaine.[6]

After observing this transaction, Detective Morris notified Detective Paul, who along with a takedown team of officers, moved in to arrest Appellant. As soon as Appellant noticed the approaching officers, he immediately fled. Officers yelled for Appellant to stop and threatened to taser him. The officers chased Appellant for several city blocks until Appellant slipped on wet grass in a park, and Detective Paul and another officer wrestled him to the ground. Even after multiple officers tried to hold Appellant down, Appellant refused to comply with police and repeatedly tried to stand. As a result, Probation Officer Tom Kissinger threatened to taser him, but Appellant still refused to surrender and was ultimately tasered. Officers recovered the prerecorded buy money from Appellant's pocket along with a bag of marijuana.

After a trial was held on April 19–20, 2010, a jury convicted Appellant of the aforementioned offenses. The trial court imposed a sentence of 45 to 144 months state imprisonment for delivery of a controlled substance along with a consecutive sentence of 9 to 36 months for resisting arrest. No further penalties were imposed. Appellant filed this timely appeal.

Appellant presents the following questions for our review:

A. WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS SUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR RESISTING ARREST, WHEN APPELLANT MERELY SCUFFLED WITH AND ATTEMPTED TO RUN AWAY FROM POLICE?

B. WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS SUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR UNLAWFUL DELIVERY OF A CONTROLLED SUBSTANCE, WHEN THE COMMONWEALTH FAILED TO PRODUCE THE CONFIDENTIAL INFORMANT, MARKED POLICE FUNDS, AND OTHER EVIDENCE AT TRIAL?

Appellant's Brief, at 4.

 The standard for evaluating sufficiency claims is as follows:

---

3. 35 P.S. § 780–113(a)(32).

4. 18 Pa.C.S.A. § 5104.

5. 18 Pa.C.S.A. § 5126.

6. Christina Zurad, a State Police forensic scientist, testified that she analyzed this substance and determined that it contained cocaine base. N.T. Trial, 4/19/10, at 54.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brooks*, 7 A.3d 852, 856–57 (Pa.Super.2010) (citations omitted).

■ First, Appellant claims there was insufficient evidence to support his resisting arrest conviction. The offense of "resisting arrest" is defined in 18 Pa.C.S.A. § 5104, as follows:

> **§ 5104. Resisting arrest or other law enforcement**

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, *or employs means justifying or requiring substantial force to overcome the resistance.*

18 Pa.C.S.A. § 5104 (emphasis added). This statutory language "does not require the aggressive use of force such as a striking or kicking of the officer." *Commonwealth v. Miller*, 327 Pa.Super. 154, 475 A.2d 145, 146 (1984).[7]

Appellant argues that his struggle to free himself from the arresting officers was a "mere scuffle" that did not constitute resisting arrest. We disagree. In *Commonwealth v. Thompson*, 922 A.2d 926, 928 (Pa.Super.2007), this Court found that even a defendant's passive resistance that required police to use substantial force to arrest her was sufficient to sustain a conviction for resisting arrest. After officers informed Thompson and her husband that they were under arrest for disorderly conduct, the couple tried to leave but were forced to the ground by the police. *Id.* at 927. Thompson and her husband did not fight or use force on the officers, but interlocked their arms and legs to prevent officers from taking them into custody. *Id.* This Court found that the officers had to use substantial force in prying the couple apart and upheld Thompson's conviction for resisting arrest. *Id.* at 928.

Likewise, in the case *sub judice*, there is sufficient evidence to show that police were required to use substantial force to

---

**7.** The *Miller* court refused to follow dictum in this Court's prior decisions in *Commonwealth v. Eberhardt*, 304 Pa.Super. 222, 450 A.2d 651 (1982) and *Commonwealth v. Rainey*, 285 Pa.Super. 75, 426 A.2d 1148 (1981) that suggested the Commonwealth must show the defendant kicked or struck an officer to sustain a conviction for resisting arrest. *Miller*, 475 A.2d at 146 n. 4.

arrest Appellant. Upon realizing he had been observed delivering cocaine, Appellant fled the scene on foot and led officers on a chase through traffic for several blocks. After police caught up with Appellant when he slipped on wet grass, multiple officers were needed to hold Appellant down on the ground. As Appellant continued to try to get up, officers were concerned that he had a weapon and struggled to force his hands behind his back. Even after officers threatened to taser Appellant, he still refused to submit to their authority. Appellant ultimately complied after police used a taser to effectuate the arrest. Accordingly, we find there was sufficient evidence to convict Appellant of resisting arrest.

 Appellant also challenges the sufficiency of the evidence supporting his conviction for delivery of a controlled substance. However, as Appellant cites no pertinent case law to support his claim, we find this issue waived for lack of development. Pa.R.A.P. 2119(a); *Commonwealth v. Johnson*, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009) (finding "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citations omitted).

For the foregoing reasons, we affirm.

Judgment of sentence affirmed.