NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2776
_____

UNITED STATES OF AMERICA

v.

CURTIS JAMES PORTER,
                            Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 2-08-cr-00380-001
(Honorable Nora Barry Fischer)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2012

Before:  SCIRICA, AMBRO and NYGAARD, *Circuit Judges*.

(Filed: April 27, 2012)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Curtis James Porter appeals his sentence of 120 months' imprisonment for a

robbery conviction. He argues that the District Court erred in classifying him as a career

criminal offender and in assessing criminal history points for offenses he committed over twenty years ago.

## I.

On September 26, 2008, Porter robbed the Friendly Federal Credit Union in Aliquippa, Pennsylvania. Porter was arrested outside of the bank with nearly ten thousand dollars stuffed into his sweatshirt. On September 30, 2010, Porter pled guilty to bank robbery. Because of his extensive criminal record, the District Court found him to be a career offender with a guideline range of 151 to 188 months under the United States Sentencing Guidelines. The District Court then granted a downward departure for his mental and emotional condition under section 5H1.3 of the Guidelines, resulting in a recalculated guideline range of 120 to 150 months. The court ultimately sentenced Porter to a term of 120 months' imprisonment to be followed by a three-year term of supervised release. Porter appeals this sentence.[1]

## II.

Under the Sentencing Guidelines, Porter is a career offender if (1) he was at least eighteen years old when he committed the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). While he concedes the first two requirements,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). While we review factual questions for clear error, "'[w]e exercise plenary review over questions of law, such as whether a crime is a crime of violence.'" *United States v. Stinson*, 592 F.3d 460, 462 n.1 (3d Cir. 2010) (quoting *United States v. Hull*, 456 F.3d 133, 137 (3d Cir. 2006)).

Porter contends that his criminal history does not meet the third. The District Court found, however, that Porter had four predicate crimes of violence, including two convictions for robbery, one for burglary, and another for resisting arrest. Porter disputes the District Court's findings for all but one of these convictions.[2] If any one of the three disputed offenses qualifies as a predicate crime of violence, then the District Court was correct to deem Porter a career offender.

Porter first requests that we reconsider our holding in *United States v. Stinson*, 592 F.3d 460 (3d Cir. 2010), that a conviction for resisting arrest under Pennsylvania law is a crime of violence under U.S.S.G. § 4B1.2(a)(2) (defining the term "crime of violence" to include, *inter alia*, any offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another"). Under Pennsylvania's resisting arrest statute, 18 Pa. Cons. Stat. Ann. § 5104,  a defendant may be convicted of resisting arrest for either (1) creating substantial risk of bodily harm to the officer or another, or (2) employing means justifying or requiring substantial force to overcome the resistance. In *Stinson*, we concluded that a conviction under the first prong clearly involves "conduct that presents a serious potential risk of physical injury to another," as required under U.S.S.G. § 4B1.2(a)(2). *Id.* at 464. As for the second prong, we concluded that Pennsylvania case law had construed the provision to be limited to conduct presenting the requisite risk of

---

[2] Porter concedes that one of his 1988 robbery convictions qualifies as a predicate crime of violence.

physical injury. Specifically, we determined that Pennsylvania courts had not found the resisting arrest statute to cover passive resistance. *Id.* at 465-66.

Porter claims that three intervening cases—*Sykes v. United States*, 131 S. Ct. 2267 (2011), *Johnson v. United States*, 130 S. Ct. 1265 (2010), and *Commonwealth v. McDonald*, 17 A.3d 1282 (Pa. Super. Ct. 2011)—cast doubt on the continuing validity of our reasoning in *Stinson*. We can quickly dispense with Porter's claim that the Supreme Court's recent decisions in *Sykes* and *Johnson* somehow compel us to overrule *Stinson*. In *Sykes*, the Court revisited the question of what constitutes a violent felony under a provision of the Armed Career Criminal Act, 18 U.S.C. § 924, which tracks the language of the Sentencing Guidelines provision at issue here. But nothing in *Sykes* undermines our determination that resisting arrest under Pennsylvania law constitutes a crime of violence. Nor does Porter's citation to *Johnson* for the principle that federal courts should defer to state court interpretations of a state statute lead us to question our reasoning in *Stinson*. This was precisely the principle we followed by conducting a thorough review of Pennsylvania case law on the resisting arrest statute. *See id*. at 465-66. Porter's appeal to *McDonald*, a recent decision of the Pennsylvania Superior Court, is likewise unavailing. The relevant passage in *McDonald* notes a prior Superior Court decision, in which "a defendant's passive resistance that required police to use substantial force to arrest her was sufficient to sustain a conviction for resisting arrest." *Id.* at 1285 (citing *Commonwealth v. Thompson*, 922 A.2d 926, 927 (Pa. Super. Ct. 2007). But this

4

statement merely paraphrases the holding of *Commonwealth v. Thompson*, a case we reviewed in detail in *Stinson*; it does not compel us to reconsider *Stinson*.[3]

For these reasons, the District Court properly relied on *Stinson* in finding Porter's resisting arrest conviction to be a crime of violence. Since Porter concedes that one of his robbery convictions also qualifies as crime of violence, he has been convicted of at least two predicate crimes of violence and is thus a career offender.

As a career offender, Porter fit within the most serious criminal history category under the Sentencing Guidelines—Category VI. *See* U.S.S.G. § 4B1.1(b). Accordingly, we need not reach Porter's challenge to the District Court's assignment of criminal history points for a 1988 robbery conviction and a 1989 burglary conviction.[4] These criminal history points had no impact on his criminal history category and did not affect the District Court's calculated guideline sentence. Because the District Court did not rely

---

[3] Porter makes much of the superficial inconsistency between our statement in *Stinson* that "[t]he Pennsylvania courts have not construed the resisting arrest statute to cover passive resistance[,]" *Stinson*, 592 F.3d at 466, and the Pennsylvania Superior Court's statement in *McDonald* that the statute reached "a defendant's passive resistance that required police to use substantial force. . . ." *McDonald*, 17 A.3d at 1285. A review of these decisions reveals that the *Stinson* and *McDonald* decisions use the general term "passive resistance" to refer to different types of conduct. In *Stinson*, we interpreted passive resistance to involve a defendant's "inaction or simply 'lying down' or 'going limp.'" *Stinson*, 592 F.3d at 466. Our determination that no decision under Pennsylvania law has upheld a conviction for such conduct remains true. The "passive resistance" to which the Pennsylvania Superior Court referred in *McDonald* involved the defendant's act of locking arms and legs with her husband as police struggled to pry them apart— quite different from lying down or going limp.
[4] Porter claims the government failed to present sufficient evidence to show that these offenses fell within the applicable limitations period—i.e., that they resulted in Porter's incarceration at some point within fifteen years of his commission of the instant bank robbery. *See* U.S.S.G. § 4A1.2(e)(1).

on the disputed criminal history points in sentencing, Porter's challenge to these points is irrelevant to our review.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.