J-S88029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIETRICK RYAN HOSIER | : | |
| | : | |
| Appellant | : | No. 1091 EDA 2016 |

Appeal from the Judgment of Sentence February 18, 2016
In the Court of Common Pleas of Carbon County
Criminal Division at No(s):  CP-13-CR-0000404-2015

BEFORE:  OLSON, J., RANSOM, J., STRASSBURGER, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 24, 2017**

Appellant Dietrick Ryan Hosier appeals from the February 18, 2016 judgment of sentence of twenty-one months to four years of imprisonment with Recidivism Risk Reduction Incentive (RRRI) after a minimum of fifteen months and twenty-two days and restitution of $500.00 to the victim, imposed following a jury trial for theft by unlawful taking and receiving stolen property.[1]

The relevant facts and procedural history are as follows.  On October 17, 2014, at 2:30 p.m., Jason Green ("Victim") finished work at the Mallard Market in the meat department.  *See* Notes of Testimony ("N.T."),

---

*Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921 (a), § 3925(a), respectively.

9/14/2015, at 152. Victim always left his personal keys in a tray next to the meat door room near the steps that lead up to the bathroom located in the back of the store. *See* N.T., 9/14/2015, at 96-97, 152. Behind this area was a door leading to the employee parking lot where Victim kept his red jeep. *See id.* 98-99. Victim grabbed his key ring from the bin and put them in his pocket. *See id.* at 151. Victim keeps the key fob to his red jeep on the key ring; the key fob unlocks the doors to his red jeep automatically from his pocket when he approaches the car. *See id.*

Victim walked out to his red jeep, but the car did not automatically unlock. *See id.* at 152. Victim checked his pockets and discovered that the key fob was missing from his keyring. *See id.* at 152. After having a friend get his extra keys from home, Victim opened his car and immediately checked for his blue Colt .380 caliber pistol and wallet, but they were gone. *See id.* at 153-154. Victim cancelled his credit cards before going to the Lehighton borough Police Station to file a report with Officer Broyles that his pistol, key fob, and wallet had been stolen. *See id.* at 93-94, 159.

Officer Broyles went to the Mallard Market to collect evidence. *Id.* at 94. The Officer interviewed the manager, Judy Miller, who remembered seeing Appellant at the store on the day of the incident. *See id.* at 100. The manager knew Appellant for over five years because he dated another employee's granddaughter and came to the store frequently. *See id.* at 127. The manager was charged with monitoring employees' restroom

breaks, and she noted that they let customers use the "employees only restroom," which she could observe from her station at the meat department. *See id.* at 130. When the manager saw Appellant enter the store through the swinging doors and head toward the bathroom in the back of the store, she made Victim and Stephen Nace aware. *See id.* at 128.

The manager went to the police station to provide a statement. At that time, she gave video footage of the alleged theft to Officer Broyles and identified Appellant on the video. *See id.* at 102. Although there were no cameras in the employees-only restroom area, the video depicted Appellant exiting Mallard Market and then walking along the north side of the store, around to the rear of the store toward the employee parking lot. *See id.* at 103. Another shot showed the employee parking lot where one could see movement inside of Victim's red jeep followed by the suspect exiting from the driver's side. *See id.* According to the manager, the footage was taken minutes after Appellant left the store. *See id.* at 105-107.

At trial, four witnesses identified Appellant as the individual depicted in the video footage: Officer Broyles, Patrolman Defuso, Ms. Miller (the manager), and Stephen Nace (employee). Patrolman Defuso testified that he had known Appellant for five to ten years and had become familiar with Appellant's mannerisms, characteristics, and gait. *See id.* at 123. The Patrolman also testified that he definitely recognized those features on the suspect in the video. *See id.* He also recognized the white stripe on the

sneakers worn by the suspect in the video as the same ones Appellant was wearing the next day. ***See id.*** at 123-125. Among the employees who recalled Appellant going into the area where Victim stored his keys, Mr. Nace testified that he saw Appellant go into the bathroom area and stay in there for a long time. ***See id.*** at 94-96, 100, 145-147.

The jury found Appellant guilty of theft by unlawful taking and receiving stolen property.[2] Appellant challenged the sufficiency and weight of the evidence to support these convictions through an oral motion for acquittal and a post-sentence motion for a new trial filed on September 25, 2015. ***See*** Trial Ct. Op., 6/8/2016, at 1. The court denied these motions on January 25, 2016. Sentencing was continued while Appellant was in rehab. On February 18, 2016, Appellant was sentenced as described above.

Appellant timely appealed his judgment of sentence on March 17, 2016, and filed a court-ordered 1925(b) statement on April 8, 2016. The trial court issued a responsive opinion.

Appellant raises the following issues:

A. Whether the Commonwealth's evidence was insufficient to sustain the jury's conviction of the [Appellant].

B. Whether the [Appellant's] conviction was against the weight of the evidence.

Appellant's Br. at 6.

_____

[2] 18 Pa.C.S. § 3921 (a), § 3925(a), respectively.

Appellant purports to challenge the sufficiency of the evidence presented at trial. "In order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove." *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citing *Commonwealth v. McDonald*, 17 A.3d 1282, 1286 (Pa. Super. 2011)).

Appellant offers no analysis of any particular elements that comprise the charges against him.[3] *See* Appellant's Br. at 13-16. For example, the crime of theft by unlawful taking of moveable property is defined as follows: "A person is guilty of theft if he [1] unlawfully takes, or exercises unlawful control over, [2] movable property of another [3] with intent to deprive him thereof." 18 Pa.C.S. § 3921. Receiving stolen property is defined as follows: "A person is guilty of theft if he [1] intentionally [2] receives, retains, or disposes of movable property of another [3] knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925. Accordingly, Appellant has waived this claim for lack of development. *Samuel*, 102 A.3d at 1005; Pa.R.A.P. 2119(a).

Next, Appellant contends that the verdict is against the weight of the

---

[3] Appellant only cites Pa.R.Crim.Pro. 606 providing for challenges to the sufficiency of the evidence. *See* Appellant's Br. at 13-16.

evidence. *See* Appellant's Br. at 16-17 (citing Pa.R.Crim.P. 607). Appellant suggests, for example, that (1) the witnesses' testimony was contradictory, (2) Victim never saw Appellant enter the back room, (3) someone else could have taken the pistol while Victim was working that day, (4) such as another employee, and (5) one of the witnesses was not one hundred percent certain that Appellant was the one who stole Victim's pistol. *See id.* at 17-19.

Our standard of review is as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court…. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013) (thereafter defining an abuse of discretion as a judgment that is manifestly unreasonable) (internal formatting and punctuation modified; citations omitted); *see also Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa.

2003) (noting that "appellate review is limited to whether the court palpably abused its discretion").

Appellant's claim is devoid of merit. Sitting as fact finder, the jury deemed the Commonwealth's witnesses credible and the video evidence persuasive. We may not disturb these findings. *Clay*, 64 A.3d at 1055 (reversing this Court where we "stepped into the shoes of the trial judge and revisited the underlying question of whether the verdict was against the weight of the evidence, an analysis that is not appropriate under the appellate standard of review").

In reviewing Appellant's challenge to the weight of the evidence, the trial court did not find the jury's verdict shocking. *See* Trial Ct. Op. at 9. Rather, the court explained that the individual pieces of evidence were "pieces of a puzzle" that, when put together, supported the jury's verdict. *See id.* at 12-13. We discern no palpable abuse of discretion in this regard. *Champney*, 832 A.2d at 408.

Judgment of sentence affirmed.

Judge Strassburger Joins. Judge Olson Concurs in result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2017

- 7 -