J-S15012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD B. RICHARDSON | |
| Appellant | No. 3721 EDA 2016 |

Appeal from the Judgment of Sentence Entered November 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010430-2015

BEFORE: STABILE, DUBOW, JJ. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: Filed July 20, 2018

Appellant, Ronald B. Richardson, appeals from the November 4, 2016 judgment of sentence imposing nine to eighteen months of incarceration for resisting arrest (18 Pa.C.S.A. § 5104). We affirm.

The trial court summarized the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

On June 1, 2015, Appellant reported to the office of Parole Agent David Knorr which is located at 2630 N. 13th Street, Philadelphia, PA. Appellant was ordered to report on this day because he had been repeatedly submitting urine tests positive for THC, marijuana. During the course of this interview Agent Knorr questioned Appellant regarding the transportation that brought him to the officer. After some questioning, it was determined that he had driven himself to the office in violation of his parole and Appellant was placed into custody. Whilst Appellant remained in Agent Knorr's office, Parole Agents searched his car and found a cell phone belonging to Appellant. Based on some information found in the cell phone, Appellant was questioned

about a car accident involving his mother and himself. At this point Appellant 'got louder' and stood up and started to struggle with Agent Knorr. He was in handcuffs and a restraint belt. A struggle ensued and Agent Knorr along with Agent Hernandez were able to get Appellant on the ground. At this point, Appellant was moved to a holding cell in anticipation of him being transferred to another facility.

Trial Court Opinion, 7/31/17, at 2 (record citations omitted).

On November 4, 2016, the parties proceeded to a bench trial. The trial court found Appellant guilty of resisting arrest and immediately sentenced him. This timely appeal followed. Appellant raises two issues for our review:

> I.   Was the verdict based on legally insufficient evidence where [Appellant's] conduct did not expose the officers to a substantial risk of bodily injury and the substantial force used by the officers was unnecessary?
>
> II.  Was the judgment invalid as the charge of conviction was materially different than [sic] the charged offense?

Appellant's Brief at 5.

In his first argument, Appellant claims the Commonwealth produced insufficient evidence to support his conviction for resisting arrest. Our standard of review is well settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most

favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Thompson***, 93 A.3d 478, 489 (Pa. Super. 2014) (quoting

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000)).

The Crimes Code defines resisting arrest as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. Appellant claims the Commonwealth failed to prove that he created a substantial risk of bodily injury or employed means requiring police to use substantial force.

Evidence of "passive resistance" that requires police to use substantial force is sufficient to sustain a conviction under § 5104. ***Commonwealth v. McDonald***, 17 A.3d 1282, 1285 (Pa. Super. 2011), ***appeal denied***, 29 A.3d 372 (Pa. 2011) (citing ***Commonwealth v. Thompson***, 922 A.2d 926, 928 (Pa. Super. 2007)). Aggressive force such as striking or kicking is not necessary. ***Id.*** (citing ***Commonwealth v. Miller***, 475 A.2d 145, 146 (Pa. Super. 1984)). In ***McDonald***, the defendant fled on foot requiring police to chase him through traffic. ***McDonald***, 17 A.3d at 1286. Multiple officers had to hold the defendant down once he was apprehended, and he did not cease his resistance until an officer tasered him. ***Id.*** In ***Thompson***, the defendant husband and wife were guilty of resisting arrest where they interlocked their

arms and legs, requiring a substantial amount of force to separate them. *Thompson*, 922 A.2d at 927.

Instantly, the record reflects that Appellant was in a restraining belt and shackles after Agent Knorr arrested him for violating his parole. N.T. Trial, 11/4/16, at 18. Appellant was to be placed in a holding cell, but before that happened he became agitated, stood up, and cursed at Agent Knorr. *Id.* at 19. When Agent Knorr attempted to push Appellant down into his chair, Appellant "leaned his left shoulder down and rammed [Agent Knorr] into the wall." *Id.* at 19. Appellant continued to resist as another agent came to Agent Knorr's assistance and wrestled Appellant to the ground. *Id.* at 20-22. Appellant continued to resist as additional agents arrived, and continued to resist even after he was tasered. *Id.* at 22-23. This evidence is more than sufficient to establish that Appellant forced police to use substantial force to subdue him.

Appellant also argues the agents used excessive force against him, and that he is not guilty under § 5104 because his actions did not require that excessive force. Appellant's Brief at 14. Appellant argues that the use of a Taser, in particular, was excessive. *Id.* This argument disregards the law of substantial force under § 5104. In *Thompson* for example, we concluded that substantial force was necessary when the two defendants interlocked their arms and legs. *Thompson*, 922 A.2d at 927-28. After a struggle of several minutes, police used pepper spray to get the couple disengaged. *Id.*

We upheld the conviction, noting that the defendant's argument "completely ignores the statutory language of section 5104 criminalizing resistance behavior that requires substantial force to surmount." *Id.* at 928. In this case, as well, Appellant's argument simply ignores the statutory language.

In his second argument, Appellant claims the trial court found him guilty of a different offense than resisting arrest. He claims the Commonwealth's theory at trial was that Appellant created a substantial risk of bodily injury while resisting arrest. Ultimately, the trial court found that Appellant forced the parole agents to use substantial force to discharge a duty other than arrest (the court found, correctly, that Agent Knorr had already arrested Appellant at the time of the altercation). We observe that, by its plain language, § 5104 covers two scenarios—resisting arrest or preventing an officer from discharging another lawful duty. Appellant does not dispute that post-arrest procedures, in this case moving the arrestee to a holding cell, constituted a lawful duty on the part of Agent Knorr and his fellow agents. Nor does Appellant dispute that § 5104 applies to that scenario. Rather, he claims that the separate clauses of § 5104 create separate offenses. Appellant does not cite any law in support of this remarkable proposition, and we have found none.

Instead, Appellant cites *Commonwealth v. Sinclair*, 897 A.2d 1218 (Pa. Super. 2006), in which this Court noted that the purpose of a criminal information is to "apprise the defendant of the charges against him so that he

may have a fair opportunity to prepare a defense." *Id.* 1223. Indeed, this is a fundamental requirement of due process. In ***Sinclair***, we analyzed whether the defendant was prejudiced by an amended information. *Id.* Instantly, Appellant criticizes the Commonwealth for never seeking to amend the information. In so doing, he simply ignores that he was convicted of the charged offense. Furthermore, Appellant does not (and cannot) claim that he was unaware of the pertinent facts. Fundamentally, Appellant argues that he was denied due process of law. Given his notice of the charge against him and the supporting facts, we cannot agree.

Because we have found no merit in either of Appellant's assertions of error, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018