J-S75026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH DAVIS | : | |
| | : | |
| Appellant | : | No. 625 EDA 2017 |

Appeal from the Judgment of Sentence January 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013135-2014

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 22, 2019**

Appellant Keith Davis appeals from the judgment of sentence imposed following his conviction for resisting arrest.[1] Appellant challenges the sufficiency of the evidence. We affirm.

The trial court previously set forth the relevant facts and procedural history as follows:

> On August 3, 2014, at around 6:00 p.m., Officer Daniel Loesch and Officer Brendan Donahue responded to a radio call that a robbery was in progress. The officers arrived at a shopping center at 29th and Dauphin Street in Philadelphia, where they met with the complainant, Nashaya Barnes. Barnes told Officer Loesch that she was pistol-whipped and assaulted by "a couple guys" that she knew from the area, and that she believed they were headed to the area of Marston Street.
>
> Barnes and the officers then got into the officers' vehicle and began to search for Barnes' assailants. As the vehicle approached York and Marston, Barnes pointed out two individuals whom she

---

[1] 18 Pa.C.S. § 5104.

identified as her assailants.  At this time, the officers exited the vehicle and approached the two individuals, co-defendants Brian Callaway and Harold Mann, who were at a barbecue in an open lot being attended by 70 to 80 people.  Officer Loesch attempted to detain Callaway, and Officer Donahue attempted to detain Mann.  Officer Loesch struggled with Callaway for approximately a minute before he let him go to help Officer Donahue arrest Mann.  During the struggle Officer Loesch drew his taser, which Mann knocked to the ground.  Mann then tried to run away, but either fell or was tackled and the officers were able to place him in handcuffs and put him in the back of the patrol wagon.  During this altercation, which lasted approximately three to four minutes, Officer Loesch called in a citywide assist and between 40 to 60 police vehicles arrived at the scene.

Several bystanders attending the barbecue began arguing with police, and the responding officers attempted to clear the crowd and calm down the bystanders.  While this was happening, Barnes, who was still in the back of the officers' vehicle, knocked on the window of the patrol car to get Officer Loesch's attention, and then pointed out [Appellant] as one of her assailants.  At the time, [Appellant] was engaged in an argument with some of the officers in the lot.

Officer Loesch then approached [Appellant] and attempted to arrest him.  When he did so, [Appellant] charged towards Officer Loesch and a struggle ensued, during which [Appellant] st[r]uck Officer Loesch in the head with his forearm.  During this struggle, three officers came to assist Officer Loesch.  The officers were only able to get one handcuff on [Appellant], who continued to try to pull away and began to flail his arms with the one handcuff on.  As a result, one of the officers, Roger McFadden, pepper sprayed [Appellant].  Only then were the officers able to get the second handcuff onto [Appellant].  The officers then placed [Appellant] in a patrol wagon and transported him to St. Joseph's Hospital.

Trial Ct. Op., 9/13/17 at 2-4.

On November 4, 2016, following a non-jury trial, Appellant was convicted of resisting arrest.  On January 13, 2017, the trial court sentenced

Appellant to nine to twenty-three months' incarceration with immediate parole to house arrest.

Appellant filed a timely *pro se* notice of appeal on February 10, 2017. On February 15, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days of the order. Appellant failed to timely comply, and the trial court issued a Rule 1925(a) opinion on April 18, 2017, indicating that all of Appellant's claims had been waived.

By order dated April 25, 2017, this Court remanded the matter and directed the trial court to determine whether counsel for Appellant, Francis W. McCloskey, Jr., Esq., had abandoned his client on appeal. **See** Order, 4/25/17. Following a hearing on May 2, 2017, the trial court removed Attorney McCloskey as counsel and appointed new counsel, Attorney David Barrish, Esq. to represent Appellant.

On July 28, 2017, this Court remanded the matter for Appellant to file a Rule 1925(b) statement within twenty-one days of the order and directed the trial court to file a supplemental Rule 1925(a) opinion. Both the trial court and Appellant timely complied.

Appellant raises one question on appeal: "Did the trial court err when it found that there was sufficient evidence to prove, beyond a reasonable doubt, that [Appellant] was guilty of the criminal offense of resisting arrest?" Appellant's Brief at 2 (full capitalization omitted). In support of his claim, Appellant notes that there was no testimony to establish that he "punched, shoved, squirmed, bit or kicked" any of the officers. *Id.* at 13.

Our standard of review for sufficiency of the evidence claims is well-settled.  "The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary."  **Commonwealth v. Edwards**, 177 A.3d 963, 969 (Pa. Super. 2018) (citation omitted).  In assessing Appellant's sufficiency challenge, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt."  **Commonwealth v. Sweitzer**, 177 A.3d 253, 257 (Pa. Super. 2017) (citation omitted).

Additionally, we note that

> [t]he evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.  It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder.  The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Tarrach**, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted).

Section 5104 of the Crimes Code defines resisting arrest as follows:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone

else, or employs means justifying or requiring substantial force to overcome the resistance.

*See* 18 Pa.C.S. § 5104.

We have stated that "[a] person resists arrest by conduct which 'creates a substantial risk of bodily injury' to the arresting officer or by conduct which justifies or requires 'substantial force to overcome resistance.'" *Commonwealth v. Miller*, 475 A.2d 145, 146 (Pa. Super. 1984). This statutory language "does not require the aggressive use of force such as a striking or kicking of the officer." *Id.*

The trial court addressed Appellant's claim as follows:

It is true that Officers McFadden and Loesch testified that [Appellant] never threw a "bona fide punch" at them. However, the plain language of the statute criminalizes attempts to prevent a lawful arrest where the defendant either "creates a substantial risk of injury to the public servant," or "employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104. Accordingly, the statute "does not require the aggressive use of force such as a striking or kicking of the officer." *Commonwealth v. McDonald*, 17 A.3d 1282, 1285 (Pa. Super. 2011) (quoting *Commonwealth v. Miller*, 475 A.2d 145, 146 (Pa. Super. 1984)). As our Superior Court has stated, "even a defendant's passive resistance that required police to use substantial force to arrest [him] was sufficient to sustain a conviction for resisting arrest." *McDonald*, 17 A.3d at 1285 (citing *Commonwealth v. Thompson*, 922 A.2d 926, 928 (Pa. Super. 2007)). If the police need to employ pepper spray, or a taser, to effect an arrest on a defendant, that clearly constitutes "substantial force" within the meaning of the statute. *McDonald*, 17 A.3d at 1286 (taser required to subdue defendant); *Commonwealth v. Clark*, 761 A.2d 190, 193 (pepper spray used in attempt to subdue defendant), *appeal denied*, 771 A.2d 1278 (Pa. 2001).

Here, when Officer Loesch attempted to lawfully arrest [Appellant], [Appellant] charged at Officer Loesch and a struggle

- 5 -

> ensued as four officers attempted to detain [Appellant]. The officers were only able to get one handcuff on [Appellant], as [Appellant] kept flailing his arms and attempting to pull away as the officers struggled to arrest him. At one point during the struggle, [Appellant] struck Officer Loesch in the head with his forearm. [Appellant] was subdued only after Officer McFadden used pepper spray on him. Unquestionably, this compelling evidence was legally sufficient to support [Appellant's] conviction for resisting arrest.

Trial Ct. Op., 9/13/17, at 4-5.

We agree with the trial court's assessment, which is both supported by the record and free from legal error. *See Edwards*, 177 A.3d at 969. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established that Appellant engaged in conduct that required the officers to use "substantial force to overcome" his resistance. *See* 18 Pa.C.S. § 5104; *see Thompson*, 922 A.2d at 928; *Clark*, 761 A.2d at 193. Accordingly, Appellant's challenge to the sufficiency of the evidence is meritless. *See Sweitzer*, 177 A.3d at 257.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/19