J-A12026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEANN EVANS | : | |
| | : | |
| Appellant | : | No. 1421 WDA 2021 |

Appeal from the Judgment of Sentence Entered November 1, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004016-2020

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                          **FILED: MAY 19, 2022**

Leann Evans (Appellant) appeals from the judgment of sentence entered in the Allegheny Court of Common Pleas following her non-jury conviction for resisting arrest.[1]  On appeal, she argues the Commonwealth did not present sufficient evidence that she created a substantial risk of injury to arresting officers or that they required substantial force to overcome her resistance. We affirm.

The underlying offense stems from a May 8, 2020, vehicle accident in Frazer Township, Allegheny County.  Trial Ct. Op. 1/10/22, at 3.  Frazer Township Police Sergeant Aaron Scott and Officer Samuel Greco responded to the scene where they found Appellant and co-defendant Jarren Crosby

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5104.

standing in front of a black Ford Fusion "overturned in a grassy patch beyond the curb." *Id.* Sergeant Scott and Officer Greco suspected Crosby of driving under the influence (DUI) and detained both Appellant and Crosby while the officers investigated. *Id.* at 3-4. While detaining Crosby, Appellant "grabbed Officer Greco's arm" and "continued to struggle" as they placed her under arrest. *Id.* at 4.

Appellant was charged with, *inter alia*, resisting arrest, obstructing the administration of law or other governmental function, and disorderly conduct.[2] Appellant filed a motion to suppress evidence found in her purse after her arrest. The trial court conducted a hearing on July 26, 2021, and granted this motion. This case then proceeded to a joint trial against Appellant and Crosby on November 1, 2021. The Commonwealth presented the following evidence.

Sergeant Scott testified that on the day of the incident, at approximately 6:04 p.m., he responded to the scene of "a rollover [vehicle] accident." N.T. Non-Jury Trial, 11/1/21, at 15. He and Officer Greco observed Appellant and Crosby standing in front of a black Ford Fusion. *Id.* at 16. Sergeant Scott and Officer Greco "asked who was driving" and inquired about injuries. *Id.* at 18. Crosby stated he was driving the vehicle and Appellant "didn't really respond." *Id.* Appellant was "on the phone talking to someone [and] asked that she be [picked up] quickly[,]" and stated she wanted to "get [ ] out of there fast." *Id.* At this point, Sergeant Scott "detected the smell of marijuana

---

[2] 18 Pa.C.S. §§ 5101, 5503(a)(4).

emanating from the vehicle" and noticed Crosby "had bloodshot, glassy eyes[.]" *Id.* at 18-19.

Sergeant Scott and Officer Greco asked for Crosby's and Appellant's identification, but "they both refused to provide any information[.]" N.T. Non-Jury Trial at 19. The Sergeant informed Appellant and Crosby "they were going to be detained because it was a DUI investigation." *Id.* When "Officer Greco went to detain" Crosby, Crosby "would not cooperate and put his hands behind his back." *Id.* at 19-20. Appellant then "latched on to Officer Greco's arm" and "was yelling[.]" *Id.* at 21, 44. Sergeant Scott "stepped in and [ ] tried to remove [Appellant's] hands from [Officer Greco's] arm." *Id.* at 21. It took Sergeant Scott "[a]pproximately ten seconds" to remove Appellant's hands from Officer Greco. *Id.* Both Appellant and Crosby "were taken to the ground and . . . placed into custody." *Id.* In response to Appellant's counsel's suggestion that "maybe [he] just fell to the ground," Sergeant Scott answered, "I didn't fall to the ground, no. It was a struggle to put handcuffs on her." *Id.* at 38. Appellant continued to be noncompliant when Sergeant Scott "escorted her to the police vehicle, [when s]he refused to" enter, and he "had to push her in[.]" *Id.* Sergeant Scott acknowledged that Appellant did not strike, kick, push, or brandish a weapon during this encounter, and he did not sustain any injuries. *Id.* at 38, 40. The Commonwealth also presented the testimony of Officer Greco, who did not offer testimony regarding the altercation with Appellant.

After the Commonwealth rested its case in chief, Appellant made an oral motion for acquittal on the charges of obstructing the administration of law, disorderly conduct, and resisting arrest. N.T. Non-Jury Trial at 59-61. The trial court granted the motion as to acquittal regarding obstructing the administration of law and disorderly conduct, but denied the motion regarding Appellant's remaining charge, resisting arrest. *Id.* at 63-64.

Appellant testified on her own behalf, presenting a conflicting account of the incident. She stated that after the accident, Sergeant Scott and "another tall officer," who was not Officer Greco,[3] approached Crosby and Appellant, screaming, "Where are the guns?" N.T. Non-Jury Trial at 71-72. Upon request for identification, Appellant told Sergeant Scott she would "gladly give it to them, but he needed to go to his car and get a memo tablet to write it down." *Id.* at 72. Appellant stated she "did not" and "would never" "place [her] hands on Officer Greco[.]" *Id.* at 72.

Appellant further testified that Officer Scott "and the other officer" picked her up "and slammed [her] down [on her chest] half on the curb and half in the street[.]" N.T. Non-Jury Trial at 73. Appellant denied resisting when the officers handcuffed her, and stated Sergeant Scott "dr[a]gged" her to the police vehicle. *Id.* at 74-75. Sergeant Scott had "difficulty" placing

_____

[3] Appellant also testified that she did have "minim[al]" interaction with Officer Greco. N.T. Non-Jury Trial at 72.

Appellant into the vehicle because she sustained injuries to her liver and spleen. *Id.* at 73-74. Crosby did not testify.

The trial court found Appellant guilty of one count of resisting arrest and, on the same day, sentenced her to a period of six months' probation.[4] This timely appeal followed. Appellant timely complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following claim on appeal:

> Did the trial court err when it found [Appellant] guilty of resisting arrest when the evidence was legally insufficient beyond a reasonable doubt that [Appellant] created a substantial risk of bodily injury or employed means justifying or requiring substantial force to overcome the resistance?

Appellant's Brief at 5.

Appellant's sole claim on appeal challenges the sufficiency of the evidence pertaining to her conviction for resisting arrest. We note the relevant standard of review for a sufficiency claim:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human

---

[4] The trial court found Crosby guilty of DUI, resisting arrest, and careless driving and sentenced him to complete the "Driving Under the Influence Alternative to Jail Program" and an aggregate term of 15 months' probation. N.T. Non-Jury Trial at 88, 95-96. Crosby's direct appeal is currently pending before this Court. *See* 176 WDA 2022.

experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted). Further, "[a]s a reviewing [C]ourt, we may not weigh the evidence and substitute our judgment for that of the fact-finder[, who] is free to believe all, part or none of the evidence presented. *Commonwealth v. Brooks*, 7 A.3d 852, 860 (Pa. Super. 2010) (citation omitted).

Appellant avers "[t]here was no testimony" suggesting she "created a substantial risk of bodily injury" to the officers, nor was there "any substantial force to overcome any resistance[.]" Appellant's Brief at 13. Appellant maintains that Sergeant Scott "did not state that he had to put . . . [her to] the ground" to place her in handcuffs. *Id.* Appellant insists instead that she "simply fell to the ground in the commotion" of Crosby's arrest. *Id.* Appellant argues Sergeant Scott did not testify that she "was not cooperative[,]" but "simply . . . that it was a struggle to put handcuffs on her." *Id.* at 16. Appellant also contends "[t]he struggle could have come from the fact that [she] fell to the ground while her hands were being removed from Officer Greco's arm[.]" *Id.* Appellant maintains the incident "amounted to nothing more than a scuffle that simply does not fall within the ambit of" resisting arrest. *Id.* In support of her argument, Appellant relies on *Commonwealth v. Eberhardt*, 450 A.2d 651, 653 (Pa. Super. 1982) (concluding there was no substantial risk of bodily injury to an officer when defendant attempted to

escape officers' grasp and did not make an "aggressive assertion of physical force," although furniture was overturned and one officer sustained a bruise on his arm), and **Commonwealth v. Rainey**, 426 A.2d 1148, 1150 (Pa. Super. 1981) (minor scuffling is not sufficient to prove resisting arrest). No relief is due.

The offense of resisting arrest is defined as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104.

"[A]ggressive use of force such as striking or kicking" an officer is not required to sustain a conviction for resisting arrest. **Commonwealth v. Miller**, 475 A.2d 145, 146-47 (Pa. Super. 1984) (defendant resisted arrest when he "strain[ed]" against an officer attempting to place him in handcuffs and "continued to struggle" while officers attempted to place him in the police vehicle, such that officers had to "lift [defendant] from the ground and physically push him" into the vehicle). Instead, resisting arrest can be supported by "passive resistance requiring substantial force" by the officer to overcome the resistance. **Commonwealth v. Thompson**, 922 A.2d 926, 928 (Pa. Super. 2007) (defendant resisted arrest when she "interlocked her arms and legs" with her husband and "held her arms tightly beneath" the officer when he commanded her "several times to put her hands behind [her]

back" and officers deployed pepper spray); *see also Commonwealth v. McDonald*, 17 A.3d 1282, 1286 (Pa. Super 2011) (evidence that defendant ran from police officers and refused to submit to their authority was sufficient to sustain conviction of resisting arrest because multiple officers were needed to hold defendant down and they struggled to force his hands behind his back).

On appeal, Appellant relies on selective testimony in presenting her version of the incident. However, it is clear that the trial court, as finder of fact, had exclusive jurisdiction to weigh all of the evidence, determine the credibility of the witnesses, and resolve any inconsistencies in their testimony. *See Brooks*, 7 A.3d at 860. Here, the trial court found the Commonwealth presented sufficient evidence that Appellant "created a substantial risk of bodily injury to Officer Greco[,]" when she grabbed his arm during Crosby's arrest. Trial Ct. Op. at 5. It found credible Sergeant Scott's testimony that Appellant "grabbed Officer Greco's arm" and "Sergeant Scott had to forcibly remove [her] hands[.]" *Id.* at 4. The trial court also credited Sergeant Scott's testimony that Appellant "continued to struggle with [him] as he placed her into handcuffs and she refused to get into the police vehicle." *Id.* Appellant's repeated insistence that she did not "kick, strike, push, grab, or pull a weapon" out during the encounter is not dispositive, *see* Appellant's Brief at 16, as "aggressive use of force such as striking or kicking" is not needed to establish resisting arrest. *See Miller*, 475 A.2d at 146. Instead, the Commonwealth could establish resisting arrest by showing "passive resistance requiring substantial force" from the officer to effectuate arrest," *see Thompson*, 922

A.2d at 928, or conduct that "justif[ied] or requir[ed] substantial force to overcome [Appellant's] resistance." *See* 18 Pa.C.S. § 5104. Here, Sergeant Scott testified he had to employ "substantial force to overcome [Appellant's] resistance" when he "had to take [her] to the ground" to effectuate arrest and forcibly push her into the police vehicle. *See* 18 Pa.C.S. § 5104; *Thompson*, 922 A.2d at 928; N.T. Non-Jury Trial at 21, 38.

In sum, the trial court was free to believe all, some, or none of the testimony presented at trial, and it found Sergeant Scott's testimony regarding Appellant's conduct credible. *See Brooks*, 7 A.3d at 860. Appellant's arguments would have this Court supplant the trial court's credibility determinations with our own, which we cannot to do. *See id.* Viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court's determination that the Commonwealth presented sufficient evidence that Appellant resisted arrest. *See Widmer*, 744 A.2d at 751.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/19/2022