J-S49032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT BRANDON | |
| Appellant | No. 1823 WDA 2016 |

Appeal from the Judgment of Sentence August 24, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No(s):  CP-04-CR-0000089-2016

BEFORE: DUBOW, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED AUGUST 14, 2017**

Appellant, Robert Brandon, appeals from the judgment of sentence entered in the Beaver County Court of Common Pleas following his jury conviction for resisting arrest.[1]  He argues that the evidence was insufficient to support his conviction.  We affirm.

We glean the relevant facts from the certified record.   On the night of December 20, 2015, Officer Stahl of the North Sewickley Police Department responded to a domestic disturbance at Appellant's house.  Once he arrived at the home, he encountered Appellant's adult son, Jerrin Brandon, outside the residence.  Jerrin told Officer Stahl that he had gotten into an altercation with Appellant and Appellant had punched him in the face.  Jerrin had a bruise on his eye.   Officer Stahl proceeded into the residence and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 5104.

immediately encountered Appellant in the kitchen. Officer Hanna, also of the North Sewickley Police Department, arrived to assist within two minutes after Officer Stahl's arrival.

Officer Stahl noticed that Appellant was very agitated. Appellant explained to the officers that he had ongoing problems with his son and that he did not want to relinquish his grandson, who was then in Appellant's custody, to Jerrin. Officer Stahl informed Appellant that he would be receiving charges in the mail due to his role in the physical altercation with Jerrin. Appellant then attempted to leave the residence to confront his son by pushing past both officers but the officers stopped him. Appellant responded by slamming a chair into the kitchen table, but in so doing injured Officer Stahl's leg. Officer Stahl decided to place Appellant under arrest. Officer Stahl testified that he informed Appellant the he was under arrest and moved toward him. Appellant stepped back from Officer Stahl and yanked his arm away when the officer grabbed it. Appellant stepped back against the refrigerator and tried to hide his hands behind his back. A struggle ensued wherein Appellant flailed his arms.[2]

Officer Stahl verbally warned Appellant to stop resisting and ordered Appellant to give the officer his hands. However, Appellant continued to flail

_____

[2] While this struggle was occurring, Officer Hanna was occupied in an adjacent room with another of Appellant's sons, Devin. Devin initially was telling Appellant to cooperate, but then began yelling at Officer Stahl to get off of Appellant. Officer Hanna prevented Devin from joining the melee between Appellant and Officer Stahl.

his arms and struck Officer Stahl in the face. Officer Stahl then forced Appellant to the ground. At that point, Officer Stahl and Appellant were rolling on the ground with Appellant refusing to be handcuffed. According to Officer Stahl, they struggled on the ground for about five minutes until Appellant finally calmed down, sat in a chair, and was handcuffed. Appellant was then transported to the police department.

At trial, Appellant testified that he was not trying to prevent Officer Stahl from making an arrest but instead was "attempting to turn away from Officer Stahl to fall forward in order to avoid falling onto his back on which numerous surgeries were performed." Trial Ct. Op., 10/31/16, at 13. On July 21, 2016, the jury found Appellant guilty of one count of resisting arrest.[3] On August 24, 2016, the trial court sentenced Appellant to ninety days of probation. On September 6, 2016, Appellant filed a post-sentence motion requesting, *inter alia*, an arrest of judgment. After a hearing, the trial court denied the motion, and this instant timely appeal ensued.[4]

Appellant raises a single issue for review:

> I. Did the [trial] court abuse its discretion in denying the motion for arrest in judgment insofar as the evidence was insufficient as a matter of law to sustain the conviction of resisting arrest where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] placed Officer

---

[3] The jury found Appellant not guilty of simple assault.

[4] Appellant submitted a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court issued an opinion adopting its October 31, 2016 memorandum opinion and order denying Appellant's motion for arrest of judgment.

Stahl at substantial risk of bodily injury, or that he employed a means of resistance justifying or requiring substantial force to overcome the resistance?

Appellant's Brief at 5.

Appellant argues that the evidence was insufficient to sustain his conviction for resisting arrest where his conduct did not create a "substantial risk of bodily injury" or require the use of "substantial force to overcome" his resistance. Appellant's Brief at 24. While he acknowledges that he did not initially cooperate with Officer Stahl, he asserts that he did not intentionally hit the officer and ultimately cooperated by being transported to the police station without incident. *Id.* at 24, 33. No relief is due.

When evaluating a challenge to the sufficiency of the evidence:

> [W]e view the evidence in the light most favorable to the Commonwealth together with all reasonable inferences from that evidence, and determine whether the trier of fact could have found that every element of the crimes charged was established beyond a reasonable doubt.

*Commonwealth v. Walker*, 836 A.2d 999, 1000 n.3 (Pa. Super. 2003) (citations omitted).

The Pennsylvania Crimes Code defines resisting arrest as follows:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104.

Moreover, the crime of resisting arrest can be established without evidence of "aggressive use of force such as striking or kicking of the officer." *Commonwealth v. McDonald*, 17 A.3d 1282, 1285 (Pa. Super. 2011) (citation omitted). This Court has held that even passive resistance, which requires officers to exert substantial force to overcome, is sufficient evidence to sustain a conviction for resisting arrest. *Commonwealth v. Thompson*, 922 A.2d 926, 928 (Pa. Super. 2007).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Harry E. Knafelc, we conclude the trial court's opinion comprehensively discusses and properly disposes of the issue presented. *See* Trial Ct. Op. at 11-16 (finding that evidence of Appellant's conduct was sufficient to sustain his conviction for resisting arrest where he refused to remove his hands from behind his back and then required Officer Stahl to exert substantial force in a prolonged struggle on the ground to effectuate an arrest). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

J-S49032-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/14/2017



IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY

PENNSYLVANIA

CRIMINAL DIVISION—LAW

COMMONWEALTH OF
PENNSYVANIA                          :

                                     :

                                     :

                                     :

                vs.                  :          No. 89 of 2016

                                     :

                                     :

                                     :

                                     :

ROBERT BRANDON,                      :
        Defendant/Petitioner         :

H. KNAFELC, J.                                      OCTOBER 31st, 2016

## MEMORANDUM OPINION AND ORDER

On July 21, 2016, Defendant/Petitioner (hereinafter "Defendant") was convicted of one count of Resisting Arrest. On August 24, 2016, this Court sentenced Defendant to 90 days Probation.

On September 6, 2016, Defendant filed a motion for post-sentence relief pursuant to Rule 720 of the Pennsylvania Rules of Criminal Procedure. Defendant's motion contains the following requests for relief: (1) a motion in arrest of judgment; and (2) a motion for a new trial.

On October 5, 2016, Defendant filed a supplemental post-sentence motion in which he included references to the trial transcript—Defendant's requests for relief remained unchanged.

On October 24, 2016, a hearing on Defendant's motion was held in front of Judge Knafelc. At this hearing, counsel for Defendant and the Commonwealth presented their arguments for and against the motion respectively. No additional testimony was taken at this

1

hearing. Following arguments, Judge Knafelc indicated he would take the matter under advisement and issue an opinion and order, which is set out below.

## I.     DISPOSITION OF DEFENDANT'S REQUESTS FOR RELIEF

### A.     *Motion in Arrest of Judgment*

Defendant requests that the judgment entered against him and in favor of the Commonwealth be set aside inasmuch as the evidence was insufficient as a matter of law to have found Defendant guilty beyond a reasonable doubt. In reviewing a request for a motion in arrest of judgment, the Court considers whether the evidence offered by the Commonwealth was legally sufficient to support the verdict. *Commonwealth v. Froelich*, 458 Pa. 104, 326 A.2d 364 (1974). The evidence in this case supports the verdict, and the motion for arrest in judgment is denied.

### B.     *Motion for a New Trial*

Defendant argues that he is entitled to a new trial, stating that the evidence was insufficient to support a guilty verdict as to each of the charges and that the verdict was contrary to the weight of the evidence presented at trial. This Court disagrees. A trial court should award new trial on grounds that verdict is against the weight of evidence only when the verdict is so contrary to evidence as to shock one's sense of justice and make award of new trial imperative, so that right may be given another opportunity to prevail. *Commonwealth v. Whitney*, 511 Pa. 232, 239, 512 A.2d 1152, 1155–1156 (1986). Where, as here, a finding of guilt is supported by the record, a motion for a new trial must be denied. *Commonwealth v. Larew*, 289 Pa. Super. 34, 37, 432 A.2d 1037, 1038 (1981).

The rationale supporting the Court's decision to deny the requested relief is set out below.

2

## ISSUES

Defendant relies on three main arguments in support of his motion which raise three main issued for this Court to address. I. whether a lawful arrest occurred; II. whether the Court gave erroneous jury instructions and erred by not resolving material questions of law; and III. whether the evidence was sufficient to prove the elements of the charge of resisting arrest.

## RULES, ANALYSIS, AND CONCLUSIONS OF LAW

### I. WHETHER A LAWFUL ARREST OCCURRED

Defendant's motion argues a lawful arrest did not occur. Defendant's theory asserts that he could not be convicted of resisting arrest if the underlying arrest for simple assault against Officer Stahl was not lawful.

Defendant's argument assumes that the only basis for arrest was the simple assault against officer Stahl. Defendant argues that the Commonwealth did not submit to the jury that the underlying lawful arrest supporting a conviction of the resisting arrest crime was the arrest of Defendant for simple assault against Jerrin Brandon (Defendant's Son). In support of this argument, Defendant claims Officer Stahl testified that he had made the decision to not arrest Defendant for this crime. The record reflects that Officer Stahl did initially refrain from exercising his lawful authority to arrest Defendant, in part due to the urging of Jerrin Brandon (the alleged victim) that he did not want his dad to go to jail and only wanted charges pressed, *Notes of Testimony, Jury Trial, Vol. 1*, July 19, 2016, p. 71. (hereinafter "N.T. Vol 1."); however, the record also reflects that Officer Stahl changed his mind and concluded that the Defendant needed to be removed from the residence to avert an escalation of the situation and further violence due to Defendant becoming more volatile after being informed that he would be receiving charges in the mail. N.T. Vol. 1., pp. 74-75.

18 Pa. C.S.A. § 2711 states:

3

> A police officer shall have the same right of arrest without a warrant as in a felony whenever he has probable cause to believe the defendant has violated section 2504 (relating to involuntary manslaughter), 2701 (relating to simple assault), 2702(a)(3), (4) and (5) (relating to aggravated assault), 2705 (relating to recklessly endangering another person), 2706 (relating to terroristic threats) or 2709.1 (relating to stalking) against a family or household member although the offense did not take place in the presence of the police officer.

18 Pa. C.S.A. § 2711(a). The term "family or household member" as used in 18 Pa. C.S.A. § 2711(a) is defined in 23 Pa. C.S.A. § 6102 as, among other relations, the relationship between parents and children. 23 Pa. C.S.A. § 6102(a). Here, the fact that the Defendant is Jerrin Brandon's father is uncontroverted. Also uncontroverted is the fact that Jerrin Brandon, on the day the offense of resisting arrest took place, called the police to request their presence at Defendant's house alleging he was the victim of a simple assault in a domestic context.

Section § 2711 goes on to state "A police officer may not arrest a person pursuant to this section without first observing recent physical injury to the victim or other corroborative evidence." 18 Pa. C.S.A. § 2711(a). The testimony of Officer Stahl at trial established that upon arriving at the scene, Jerrin Brandon informed him of an incident between himself and his father, the Defendant, wherein the Defendant struck him in the face. Officer Stahl also testified that he observed bruising on Jerrin Brandon's face consistent with a recent physical injury. N.T. Vol. I., p. 71. Furthermore, according to Officer Stahl's testimony, Defendant himself admitted to Officer Stahl that he may or may not have struck Jerrin Brandon while they struggled at the door to Defendant's house—though Defendant claimed he did so in lawful defense of his home. N.T. Vol. I., p. 70.

This testimony, if found to be true, is sufficient to give rise to the lawful authority to place the alleged perpetrator under arrest pursuant to 18 Pa. C.S.A. § 2711(a). While the Officer

4

did testify that initially he exercised his discretion in deciding to send charges in the mail rather than take Defendant into custody, the officer was nevertheless entitled to arrest the Defendant. Once the Defendant engaged in further conduct that indicated to the Officer that Defendant intended to escalate the situation further—specifically, informing the officer that he would go outside and tell his son of his intent to rescind his and his son's Christmas gifts and began to walk towards the door—the Officer then, in his discretion, determined that an arrest of Defendant was the appropriate action to avoid further violence.

Defendant cited no case law or statutes establishing that the Officer, by initially exercising his discretion to refrain from arresting the Defendant, lost his authority to arrest Defendant while the domestic incident was still under investigation and likely to resume.

Defendant does argue that the arrest of Defendant for Assault against Jerrin Brandon was not lawful in that Title 18 Pa.C.S.A. § 507 permitted Defendant to use force to prevent unlawful entry or trespass into his home. In short, Defendant argues that the officer lacked probable cause to arrest Defendant because he was acting in self-defense.

While this is a creative argument, it is not novel. In *Berrios v. City of Philadelphia*, the Court held, "[T]he fact that Plaintiff was acting in self-defense, even if true and even if subjectively believed by the Police . . . cannot overcome a finding of probable cause." *Berrios v. City of Philadelphia*, 96 F. Supp. 3d 523, 532 (E.D. Pa. 2015) (finding probable cause to exist for the offense of simple assault under 18 Pa.C.S.A. § 2702 even where the alleged victim's statements to defendant in the presence of the police seemed to corroborate defendant's self-defense claims).

Defendant's argument confuses the role of a police officer with that of the courts. It is not the job of a police officer to determine whether one who commits an assault has done so lawfully in

5

self-defense where "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Berrios v. City of Philadelphia*, 96 F. Supp. 3d 523, 531 (E.D. Pa. 2015). Given that the self-defense argument is an affirmative defense, the very nature of asserting the defense affirms that an otherwise unlawful act—an assault in this case—did indeed take place, but is justified. Therefore, in claiming self-defense, and affirming that he did indeed strike his son, Defendant furnished Officer Stahl with sufficient facts and circumstances to find probable cause to arrest Defendant for simple assault. Defendant's self-defense argument based on 18 Pa.C.S.A. § 507 may serve to save him from a conviction in a court of law, but it cannot serve to save him from cuffs on the street.

In short, the lawfulness of an arrest does not hinge on whether the arrestee is in fact guilty of the underlying offense, but upon whether the officer had probable cause to reasonably believe the underlying offense occurred. Here, the Court determined, based on the testimony and the authority granted under 18 Pa. C.S.A. § 2711(a), that probable cause existed and that the arrest was therefore lawful.

II.  WHETHER THE COURT GAVE ERRONEOUS JURY INSTRUCTIONS AND ERRED BY NOT RESOLVING MATERIAL QUESTIONS OF LAW

In support of his motion, Defendant argues: 1) that the Court erred by submitting the issue of the lawfulness of Defendant's arrest to the jury; thereby improperly charging the jury with resolving a question of law that must be decided by the Court; 2) this instruction to the jury was erroneous because it led the jury to believe that the jury could consider the lawfulness of the purported arrest of Defendant for Simple Assault against Jerrin Brandon as a "lawful arrest" supporting the crime of Resisting Arrest and that the Commonwealth made no such argument in its case; 3) the nature of the Court's instruction had the effect of confusing the hypothetical

6

scenario described by the Court with the actual facts testified to by the witnesses in this case; and

4) the Court erred when it instructed the jury that a "scuffle" occurred between Officer Stahl and Defendant and read a dictionary definition of "scuffle" to the jury.

The Superior Court of Pennsylvania provides the relevant standard of review as follows:

> "A motion for a new trial based upon the sufficiency of the jury charge will only be granted when the court determines that the charge in its entirety and against the background of the evidence was erroneous and might have prejudiced appellant." *Beechwood Commons Condominium Ass'n v. Beechwood Commons Associates, Ltd.,* 397 Pa.Super. 217, 227, 580 A.2d 1, 6 (1990) (citation omitted). Erroneous jury instructions may be the basis for a new trial if it is shown that the instructions were fundamentally in error and might have been responsible for the verdict. *Ott v. Buehler Lumber Co.,* 373 Pa.Super. 515, 520, 541 A.2d 1143, 1146 (1988); *Hawthorne,* 352 Pa.Super. at 368, 508 A.2d at 303.

*Sedlitsky v. Pareso,* 425 Pa. Super. 327, 332, 625 A.2d 71, 74 (1993). Recently, in *Commonwealth v. Sirmons,* No. 261 MDA 2016, 2016 WL 5884805, at *3 (Pa. Super. Ct. Sept. 9, 2016), the Superior Court, citing established precedent, held:

> [W]e must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

*Commonwealth v. Baker,* 963 A.2d 495, 507 (Pa.Super. 2008), appeal denied, 606 Pa. 644, 992 A.2d 885 (2010) (quoting *Commonwealth v. Jones,* 954 A.2d 1194, 1198 (Pa.Super. 2008), appeal denied, 599 Pa. 708, 962 A.2d 1196 (2008)). The Court in *Sirmons* continued to quote the rule set out in *Baker,* stating:

> A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

7

*Baker, supra* at 507 (quoting *Commonwealth v. Brown*, 911 A.2d 576, 582-83 (Pa.Super. 2006), appeal denied, 591 Pa. 722, 920 A.2d 830 (2007)).

With this standard as the Court's guide, the Court shall now address, in turn, each of the four arguments set out above.

1) Defendant's first argument is entirely void of factual support as revealed by a brief review of the record:

> (WHEREUPON, the following proceeding were had in chambers:)
>
> THE COURT: the question is, "What is a further definition of a lawful arrest?" I will instruct them this was a lawful arrest under the law, and I think that's a legal question I have to determine.

*Notes of Testimony: Jury Trial, Vol. III*, July, 21, 2016, p. 6, ln. 14-18. (hereinafter "N.T. Vol. III.").

> MS. PALETTA: I think I would respectfully object to you instructing them that this is a lawful arrest because I think that would speak to whether or not the simple assault actually occurred.
>
> THE COURT: I will indicate that under these circumstances this is a lawful arrest as a matter of law. It does not mean that the Defendant was guilty of a particular crime at the time the arrest occurred. We did some research, and that happens to be the law. It's the Judge's decision, so I'm going to rule it is a lawful arrest . . . and correct me if I'm wrong, when you have a domestic violence situation, if you have a report that says there's some injury with corroborating evidence of the injury, then the police officer has the right to take a [sic.] individual into custody.

N.T. Vol. III., p. 7.

(WHEREUPON, The following proceedings were had in open Court:)

THE COURT: In cases of domestic violence, a police officer who comes to the scene who is reported to by a victim that he has or she has suffered violence at the hands of another and that evidence is corroborated by a mark or things of that nature, then the police officer has an authority to arrest the perpetrator, the alleged perpetrator. It does not matter that the individual did or did not commit that particular offense.

N.T. Vol. III., pp. 8-9.

This brief review of the record reveals not only that the Court did in fact instruct the Jury as to the legal standard for a lawful arrest, rather than leave it to the Jury's determination, but also that Defense counsel objected to the Court instructing the Jury as to the lawfulness of the arrest—implying that the Defendant desired the Jury to make the determination on a question of law when he though the Jury would decide it in his favor. Now that the situation is different, the Defendant's position has conveniently changed to suit his interests.

While the Court did not explicitly state "this was a lawful arrest" to the jury in its instruction, there is good cause for the Court's restraint. The Court properly set out and instructed the jury as to the legal standard of a lawful arrest in a domestic context; however, the issue of whether such legal standard was supported by the facts must be left up to the jury. Because the facts surrounding the incident were in dispute (e.g., Defendant's striking of his son Jerrin, the presence of corroborating marks on Jerrin, etc.), it would be improper for the Court to declare that the arrest was lawful, for in doing so the Court would have usurped the fact finding function of the jury regarding the facts necessary to support a lawful arrest under 18 Pa. C.S.A. § 2711(a). For these reasons, and in light of the jury instruct as reflected in the record, the Court believes the

9

law was "clearly, adequately, and accurately presented to the jury for its consideration," *Baker*, 963 A.2d at 507; furthermore, it would have been unfair to Defendant for the Court to simply declare the arrest lawful rather than supply the standard for a lawful arrest and submit the factual circumstances of this case to the jury, for doing so would necessarily make the Court the finder of fact.

Even assuming *arguendo* that the Court's manner of instruction on the issue of law did leave the decision of whether the arrest was lawful to the jury, the jury found the Defendant guilty of resisting arrest, from which one can infer that they believed the arrest to be lawful, which was the position of the Court as to that matter of law as reflected in the record at N.T. Vol. III. That being the case, any error in the instruction to the jury as to the lawfulness of the arrest was harmless for it did not prejudice the Defendant; thus, it is not a basis for a new trial.

2) Defendant's second argument is meritless for the reasons addressed in section I. above.

3) Defendant's third argument is meritless. The scenario upon which the Jury was instructed was not based upon a hypothetical but upon the facts as they were presented at trial. The Court determined, based on the facts on the record, that a lawful arrest occurred and instructed the jury only to the effect that a lawful arrest occurred and indicated that it was the domestic situation— the uncontroverted factual reason as to why the police were present at Defendant's house— which gave rise to this finding of law by the Court. The factual circumstances and rational supporting the finding of a lawful arrest are addressed in section I. above.

4) Defendant's fourth argument is meritless. "A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Commonwealth v. Baker*, 963 A.2d 495, 507 (Pa.Super. 2008), appeal denied, 606 Pa. 644, 992 A.2d 885 (2010).

10

Simply instructing the jury as to the definition of a word used in a statute, without more, does not preclude the jury from placing greater weight upon Defendant's testimony that Defendant did not scuffle or fight with Officer Stahl. Again, Defendant would do well to consult the record.

THE COURT: Now, the definition of a scuffle is not defined in the Crimes Code, so I went to the source of the dictionary, and I believe it is a concise definition. If it is used as a noun, a scuffle is a short confused fight at close quarters. If it's used as a verb, you're engaging in a short, confused fight in close quarters. I think that gives you the appropriate definition of scuffle. You may return to the jury deliberation room.

(WHEREUPON, the jury was excused to continue deliberations and the following proceeding were had in open Court:)

N.T. Vol. III., p. 9.

As is clearly shown in the record, the Court merely gave a dictionary definition of the term "scuffle" and did not directly state or imply by word or intonation that the Defendant, in fact, engaged in a scuffle, only what a scuffle, in fact, was. Here, the jury charge was clear and had no tendency to mislead or confuse the jury. Rather, the absence of any legal definition of "scuffle" in statutes or case law caused the Court to turn to the dictionary to clarify a material issue.

III.   WHETHER THE EVIDENCE WAS SUFFICIENT TO PROVE THE ELEMENTS OF THE CHARGE OF RESISTING ARREST

The standard applied in reviewing the sufficiency of the evidence is whether "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001) (citations and quotation marks omitted). In applying this test, the Court may not weigh the evidence and substitute its own

11

judgment for the fact-finder and, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Com. v. Andrulewicz*, 2006 PA Super 309, ¶ 5, 911 A.2d 162, 165 (2006) (citing *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001)).

The finder of fact has sole authority to determine what did and did not occur based on all of the evidence presented. *Com. v. Andrulewicz*, 2006 PA Super 309, ¶ 5, 911 A.2d 162, 165 (2006) (". . . the entire record must be evaluated and all evidence actually received must be considered." *Id.*) (citing *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001)). While Defendant insists that the evidence was insufficient to support a finding of guilty as regards the charge of Resisting Arrest, he does so by assuming that his side of the story, and only his, is true. The Defendant does not have the privilege of being his own finder of fact and thereby usurping the authority of the jury.

If the record was devoid of an alternative narrative, and if the facts, as Defendant alleges them to be, were uncontroverted, Defendant might be correct in claiming that the evidence was insufficient. But this trial was not devoid of controverted facts—even Defendant's own witnesses were not in unanimous agreement as to the facts.

The jury heard testimony not only from Defendant and his witnesses but also from Officers Stahl and Hanna. The jury is permitted to believe "all, part, or none of a witness's testimony." *Com. v. Andrulewicz*, 2006 PA Super 309, ¶ 12, 911 A.2d 162, 166 (2006); see also *Commonwealth v. Adams*, 882 A.2d 496, 499 (Pa.Super.2005). It is entirely conceivable that the jury believed the officers and disbelieved Defendant and his son Devin Brandon regarding the nature of the events alleged to constitute the offense of resisting arrest.

12

According to the Defendant, the evidence reflected that Defendant was not preventing Officer Stahl from making an arrest, but instead Defendant was attempting to turn away from Officer Stahl to fall forward in order to avoid falling onto his back on which numerous surgeries were performed. According to the Commonwealth and its witnesses, Defendant pulled away from Officer Stahl, refused to make his hands available to the officer, struggled for control of his hands, and struck officer Stahl in the face during the struggle. N.T. Vol. I., pp. 76-78.

Defendant's argument seems to indicate that only his side of the story could possibly be true. This is to be expected. But the jury need not agree with him.

Defendant also argues that even accepting the Commonwealth's version of facts, such facts are insufficient to support a conviction as a matter of law. Specifically, Defendant argues that the evidence presented at trial fails to establish that Defendant placed officer Stahl at substantial risk of bodily injury or that Defendant employed means of resistance justifying or requiring substantial force to overcome the resistance.

In support of this position, Defendant cites *Com. v. Eberhardt*, 450 A.2d 651 (Pa. Super. 1982) (holding that defendant did not create "a substantial risk of bodily injury" where his "at no time did [defendant] strike or kick anyone, he only attempted to free himself from the officers' grasps." *Id.* at 653), and *Com. v. Rainey*, 426 A.2d 1148, 1150 (Pa. Super. 1981) (holding a "minor scuffle" insufficient evidence to prove resisting arrest where the conduct amounts to merely trying to shake off a "detaining arm"). Other cases on point, which Defendant did not cite in his motion include, *In re A.T.B.*, No. 2224 MDA 2012, 2013 WL 11254765, at *4 (Pa. Super. Ct. Sept. 17, 2013) (finding evidence insufficient to convict by way of "substantial force" where defendant was uncooperative, twisted and pulled away, but did not strike or hit trooper and where no evidence was presented showing it took exhausting efforts to overcome resistance,

13

stating "Twisting or pulling away requires less force to overcome than was required in cases where we have found sufficient evidence for resisting arrest. See *Coleman, McDonald, Thompson*, and *Miller, supra*. Rather, this case appears to involve a 'minor scuffle incident to an arrest.'" *In re A.T.B.*, at *5); *Com. v. Thompson*, 922 A.2d 926, Super.2007 (finding "passive resistance" sufficient to convict under a "substantial force" theory of §5104 where Defendant scuffled, locked arms with husband, and refused to unlock hands from behind back requiring officer to use pepper spray and leaving the officer "exhausted."); and *Com. v. Miller*, 327 Pa. Super. 154, 475 A.2d 145 (1984) (finding evidence sufficient to convict under §5104 by way of "substantial force" where Defendant scuffled, was attacking officers, flailing arms, rapidly moving upper body horizontally back and forth, straining against police attempt to handcuff with upper body, and up to 10 police units struggled to subdue defendant requiring them to lift defendant from the ground and physically push him into the rear of a police vehicle).

While the facts of this case do present a close call on the element of "substantial risk of bodily injury" or means of Defendant's resistance requiring "substantial force" to overcome, the evidence is not "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Andrulewicz*, 2006 PA Super 309, ¶ 5, 911 A.2d 162, 165 (2006).

Unlike *Eberhardt*, in the case *sub judice* evidence of Defendant striking Officer Stahl was presented at trial. While striking or kicking the arresting officers is *not* an *essential element* of the crime of resisting arrest[1], this Court finds it important to note that the absence of any striking

---

[1] *Com. v. Miller*, 327 Pa. Super. 154, 156, 475 A.2d 145, 146, n. 4 (1984) (stating "[T]here is dictum in several prior decisions of this Court from which it can be inferred that we deem it an essential element of the crime of resisting arrest that the actor strike or kick the arresting officer. See: *Commonwealth v. Eberhardt*, 304 Pa.Super. 222, 450 A.2d 651 (1982) (Wieand, J., dissenting); *Commonwealth v. Rainey*, 285 Pa.Super. 75, 426 A.2d 1148 (1981) (Watkins, J., dissenting). Such an interpretation of the statute is contrary to the express language thereof. We decline to follow that dictum in the instant case." *Id.*)

14

or kicking appears to be a crucial *factor* in the reasoning of the court in *Eberhardt*, "It eventually required three officers to subdue the defendant *but* the officers admitted that **at no time did the defendant strike or kick anyone,** *only* **that he tried to squirm and twist his way free of their grasp.**" *Com. v. Eberhardt*, 304 Pa. Super. 222, 225, 450 A.2d 651, 653 (1982).[2]

*In re A.T.B.*, No. 2224 MDA 2012, 2013 WL 11254765 (Pa. Super. Ct. Sept. 17, 2013) is another close-call case that appears to turn on the fact that defendant did not strike, kick, or hit an officer. Following an examination of recent cases, including *Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa.Super.2011) (finding "sufficient evidence for resisting arrest when an appellant cursed at the police officer, told him to "get off," and struck the officer with his shoulders while the officer struggled to remove the appellant's hand from his pocket." *In re A.T.B.*, No. 2224 MDA 2012, 2013 WL 11254765, at *4 (Pa. Super. Ct. Sept. 17, 2013)), the court in *In re A.T.B.* found the evidence insufficient to prove "substantial force" was required, stating, "While Appellant was not cooperative, **Appellant** *did not* **strike, kick, or hit any trooper.** There was no testimony that substantial force was used or needed. There was no evidence presented to prove that it took exhausting efforts to overcome Appellant's resistance." *Id.* at *5.

Although the case *sub judice* has similarities to *Eberhardt*, *In re A.T.B.*, and *Rainey*, the crucial fact that distinguishes those cases from *Coleman*, is what distinguishes them from the case at bar—Defendant Brandon struck Officer Stahl.

---

[2] Furthermore, the court in *Eberhardt* did not address the "substantial force" prong of §5104. "It also cannot be argued that appellant could be found guilty of the second part of section 5104, namely, employing means justifying or requiring substantial force to overcome the resistance, since appellant was not charged with this part of section 5104 in the information." *Eberhardt*, 304 Pa. Super. at 225, 450 A.2d at 653 (noting "this court is reluctantly bound to apply the *Rainey* court's analysis and hold that the evidence in the instant case was insufficient to sustain the verdict. We must qualify this holding, however, with the recognition that reliance on *Commonwealth v. Meo, supra*, is misplaced . . ."*Id.*). Unlike *Eberhardt*, in the case *sub judice* Defendant was charged with both disjunctive provisions found in § 5104; evidence sufficient to prove either provision is sufficient to support a finding of guilty under § 5104.

The instant case is also similar to *Thompson* and *Miller* in that Defendant scuffled with the Officer and employed "passive resistance" in refusing to remove his hand from behind his back requiring Officer Stahl to use *substantial force* and "[take] him [Defendant] to the floor," N.T. Vol. I., p. 107, and engage in a prolonged—5 minute—struggle on the ground, N.T. Vol. I., pp. 79-80. It is clear to this Court from the evidence produced at trial that Defendant's conduct consisted of more than merely trying "to shake off the policeman's detaining arm." *Rainey*, 426 A.2d at 1150.

Upon review of the record, and in light of Pennsylvania case law, it is clear to the Court that the jury was presented with sufficient evidence to find Defendant guilty of the crime of Resisting Arrest under either the "substantial risk" or "substantial force" provisions of § 5104, and this Court will not—and, indeed, may not—substitute its own judgment for that of the fact-finder.

Due to the forgoing reasons, Defendant's motions for arrest of judgment and a new trial are denied.

16



IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY

PENNSYLVANIA

CRIMINAL DIVISION—LAW

COMMONWEALTH OF
PENNSYVANIA

           vs.

ROBERT BRANDON,
    Defendant/Petitioner

No. 89 of 2016

H. KNAFELC, J.                         OCTOBER 28, 2016

## NOTICE OF RIGHTS AND ORDER

AND NOW, to wit, this 28th day of October, 2016, it is hereby ORDERED and DIRECTED that Defendant's motion for post-sentence relief be disposed of in the following manner:

1.    Defendant's motion for arrest in judgment is DENIED.

2.    Defendant's motion for a new trial is DENIED

3.    In accordance with Pa. R. Crim. P. 720(B)(4), Defendant is hereby notified of the following rights upon entry of this order:

    a.    Defendant has the right to file an appeal with the Superior Court of Pennsylvania. The period to file an appeal expires thirty days following the date of the denial of this post-sentence motion.

b. Defendant has the right to assistance of counsel in the preparation of the appeal.

c. Defendant has the right, if Defendant is indigent, to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Rule 122.

d. Defendant has the qualified right to bail under Rule 521(B).

BY THE COURT:

_____ J.

BY THE COURT

2016 OCT 31 A 8: 26

HARRY E. KNAFELC
JUDGE

18

# File Copy Recipient List

Addressed To:    Robert Brandon (Defendant)
1785 Brighton Rd
Ellwood City, PA 16117

Joseph Paletta, Esq. (Private)
437 Grant St Ste 424
Pittsburgh, PA 15219-6008