**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUNIL RAGANIKAND SHUKLA | : | |
| | : | No. 1430 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence March 31, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001587-2016

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 06, 2018**

Appellant Sunil Raganikand Shukla appeals *pro se* from the judgment of sentence following his conviction for driving under the influence (DUI) – general impairment.[1]  Appellant asserts that the Commonwealth failed to present sufficient evidence to sustain his conviction since the evidence was limited to the arresting officer's observations and the results of the horizontal gaze nystagmus (HGN) test the officer administered to Appellant.  We affirm.

The trial court summarized the relevant facts as follows:

On May 11, 2016, Pennsylvania State Police Corporal Thomas Hothouse ("Corporal") was in full uniform and working in an unmarked patrol unit on Interstate 80 eastbound near Mile post 305 in Stroudsburg Borough, Monroe County, PA.  Appellant was directly in front of Corporal's patrol unit as they both travelled eastbound.  While driving in the right lane[,] Corporal observed Appellant cross the white right fog [line] twice.  Corporal then

---

[1] 75 Pa.C.S. § 3802(a)(1).

observed Appellant travel into the left lane without signaling. While in the left lane[,] Appellant pulled closely behind the vehicle in front of him and began flashing his high/low beams. Corporal activated his visual lights and siren and Appellant pulled to the left onto the small center berm near the cement barriers.

Corporal approached Appellant's drive[r] side door and immediately observed a strong odor of an alcoholic beverage coming from within the vehicle. Additionally, Corporal observed that Appellant was not wearing a seatbelt. Corporal requested [A]ppellant's license, registration and insurance cards. As he retrieved these items[, Corporal] also asked Appellant a series of brief questions. During their exchange[,] Corporal noticed the odor of alcohol was increasing and also observed Appellant's eye to be blood shot and glassy. Additionally, during questioning Appellant would frequently stop looking at Corporal in order to better concentrate on the questions.

Corporal asked Appellant to step out of the vehicle and submit to a field sobriety test[,] to which Appellant complied. During the execution of the tests[,] Corporal observed Appellant to be unsure on his feet as he walked to the rear of the patrol vehicle. Additionally, Appellant swayed as he stood still.

After the execution of the field sobriety tests[,] Corporal advised Appellant that he was under arrest. Corporal hand cuffed, searched, and secured Appellant in the passenger side rear seat of his patrol unit.

Appellant's blood was draw[n] at Monroe County DUI Center, resulting in a [blood alcohol content (BAC)] of 0.138%.[2]

_____

[2] On May 11, 2016, Appellant initially was charged with DUI – general impairment and DUI – high rate of alcohol. *See* 75 Pa.C.S. § 3802(a)-(b). However, on June 23, 2016, the Supreme Court of the United States decided *Birchfield v. North Dakota*, 126 S. Ct. 2160 (2016), which held that the Fourth Amendment does not permit warrantless blood tests incident to arrests for drunk driving. *Id.* at 2185. On this basis, the Commonwealth withdrew the count regarding DUI with a high rate of alcohol and did not admit the results of Appellant's blood test into evidence at trial.

On January 31, 2017, Appellant was tried by bench trial [and] was found guilty as to [general impairment DUI and the summary offenses of careless driving and failure to use a seatbelt].[3] A Pre-Sentence Investigation Report was prepared and on March 31, 2017, Appellant was sentenced to a period of six months' probation and a $350 fine.

Trial Ct. Op., 6/20/17, at 1-3 (unpaginated) (footnotes omitted).

Appellant did not file a post-sentence motion, but instead filed the instant timely appeal on April 26, 2017. The trial court entered an order on April 27, 2017, directing Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). The trial court indicated in its opinion pursuant to Pa.R.A.P. 1925(a) that it timely received Appellant's concise statement on May 11, 2017, but found all issues waived due to the vague presentation of the alleged errors on appeal.[4]

---

[3] Appellant proceeded *pro se* at the bench trial.

[4] Although the trial court indicated that it received Appellant's concise statement, there is no indication in the docket or the record that the statement was filed as required by the court's April 27, 2017 order. A purported copy of Appellant's concise statement is attached to his appellate brief and contains the following errors on appeal:

STATEMENT OF MATTERS OF APPEAL

Trial court order is procedurally deficient as it is lacking in listing basis for indictment

Trial court order is defective as it is giving superfluous credulity to prima-facie observations

Trial court order is defective as it arrives at conclusions without verification of the prima-facie evidences/observations and hence surmising

Trial court is lacking in its judgement as it assumes particular human behavioral action can happen for only one particular reason and hence ignoring facts that suggest otherwise

Trial court never provided the material/evidence requested by defendant in the discovery packet due to which alibi by the defendant was never complete and that lacuna in the process was never addressed which could affect the verdict heavily

The trial court assumed all the equipment used at the spot of incident to be completely free of any defect/improper maintenance, i.e. camera, breathe tester etc. Including officer's eyesight

The order is defective as it ignores defendant's disease and medicines taken at the time of incident and its overall effect on the odor produced and its reaction with other chemicals

The order is procedurally deficient as it does not provide any information on appeal procedure

The order is defective as it is ignoring the ethnic human habits and associated behavior which is normal at all times under no influence

Trial court sets aside constitutional and basic human rights associated with the law being imposed upon defendant and thus delivers only verdict and not justice

Trial court defines crime without a victim, an evil intention or a motive and hence changing the very definition of crime

Trial court consumed more than a year worth of time while following procedure and steps that was never accommodating any requests made by defendant and hence defendant could never prepare his alibi in to-to

Trial court has delivered verdict in a manner which is against bona-fide court practices

Ex-Parte Order:

The order was never mailed to the defendant and hence the defendant waited until 25 days before the defendant had to go in

Appellant, in his *pro se* brief, raises the following issue for our review:

> [Whether] the lower court erred when it announced the sentence not on the basis of scientific evidence[,] but only on the basis of prima-facie observations of the investigating officer, HGN Test, and police officer's testimony.

Appellant's Brief at 4 (unpaginated).

Appellant asserts that the trial court erred in convicting him on the basis of "nothing but mere observations" of the arresting police officer. *Id.* at 9. Appellant also challenges the accuracy of the HGN test, which was administered to him at the time the officer stopped Appellant's vehicle. *Id.* at 11.

Before we reach the merits of Appellant's arguments, we note that Appellant's failure to file the concise statement provides a basis for waiving all issues. *See Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (indicating waiver where Rule 1925(b) statement is not filed, even if served

---

> person to the court to collect the same, as a result there was a significant delay in initiating the appeal process
>
> The clerk of court never directed the defendant in the appeal process and always gave vague answers to the extent that they never mail any document
>
> The court staff in its entirety never acknowledged documents as per PA RAP 121(A)
>
> The concise statement order was received after 8 days of its written date and the defendant could only get 13 days out of total 21 days permitted including mailing time

Concise Statement of Errors Complained of on Appeal.

on the trial judge, because "the lack of filing results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal"). Likewise, the vague nature of the statement apparently received by the trial court would provide a separate basis for waiver. *See Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016) (finding waiver based upon vague *pro se* Rule 1925(b) statement).

Moreover, Pa.R.A.P. 2119 requires that:

The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-- in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Claims may be waived under Rule 2119(a) for failure to cite to relevant case law or to otherwise develop issues in a meaningful fashion capable of review. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (indicating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived" (citations omitted)); *Commonwealth v. McDonald*, 17 A.3d 1282, 1286 (Pa. Super. 2011) (finding sufficiency of the evidence claim waived for failure to cite pertinent case law). Additionally, "[a]lthough the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading. *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014).

Instantly, Appellant's argument is not developed as required by Pa.R.A.P. 2119(a), and Appellant failed to include any citation to pertinent authority in his brief. **See Johnson**, 985 A.2d at 924; **McDonald**, 17 A.3d at 1286. We cannot act as Appellant's counsel or read more into his brief than it fairly conveys. **See Blakeney**, 208 A.3d at 766. Accordingly, Appellant's arguments are waived.[5]

For the foregoing reasons, we find that Appellant has waived all issues on appeal and we affirm the judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/18

---

[5] In any event, even if we were to find that Appellant had not waived his arguments on appeal based on Pa.R.A.P. 1925(b)(1) and 2119(a), we note that Appellant's arguments go to the weight of the evidence and that Appellant also failed to preserve that issue by failing to filing a post-sentence motion or otherwise raise the claim before the trial court. **See** Pa.R.Crim.P. 607(A) (indicating that a claim that a verdict was against the weight of the evidence must be raised at the time of sentencing, in a motion before sentencing, or in a post-sentence motion). Additionally, Appellant did not object to the arresting officer's testimony regarding the administration of the HGN test on Appellant. **See** Pa.R.A.P. 302(a).