J-S43041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL HERBERT ROETING | : | |
| | : | |
| Appellant | : | No. 992 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 15, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005186-2021

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                      **FILED: MAY 13, 2024**

Daniel Herbert Roeting appeals from the judgment of sentence imposed following a jury trial in which he was convicted of one count of resisting arrest, **see** 18 Pa.C.S. § 5104. For this offense, Roeting was sentenced to six to twenty-four months of incarceration. Roeting's counsel has filed a petition to withdraw from representation and a corresponding brief pursuant to **Anders v. California**, 386 U.S. 783 (1967).[1] After a thorough review of the record, we affirm Roeting's judgment of sentence and further grant counsel's petition to withdraw.

Briefly, police officers reported to a domestic disturbance involving Roeting, who they knew to have an active warrant out for his arrest. In their

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth elected to not file a brief in this matter.

attempt to arrest him, Roeting pulled away and would not submit to being handcuffed. Two officers indicated at trial that, during the maelstrom, Roeting kicked one of them. Although he was eventually able to be placed into handcuffs, Roeting remained combative.

Roeting was eventually charged with resisting arrest and, too, flight to avoid apprehension, *see* 18 Pa.C.S. § 5126(2). A jury found him guilty of the former offense, but not guilty of the latter. Following the completion of a pre-sentence investigation report, Roeting was sentenced to the aforementioned six to twenty-four months of incarceration. Roeting did not file a post-sentence motion but filed a timely notice of appeal. In lieu of filing a concise statement, *see* Pa.R.A.P. 1925(b), Roeting's counsel filed a notice of her intent to file an *Anders* brief, *see* Pa.R.A.P. 1925(c)(4).

Prior to any substantive consideration of Roeting's appeal, we must first consider counsel's petition to withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). The filing of an *Anders* brief evidences counsel's belief that the current appeal is frivolous. To withdraw from representation, counsel must avail herself of a well-defined set of procedures. Specifically, counsel is required to:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and
>
> (3) furnish a copy of the brief to the defendant and advise him of

his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court cogently summarized the necessary components of an ***Anders*** brief, mandating that counsel:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.***, at 361. If there is compliance with ***Anders***, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

We find that counsel has satisfactorily complied with ***Anders***. First, the petition to withdraw establishes that after "a review of the record, including the jury trial transcripts and sentencing transcript[,]" counsel came "to the conclusion that the instant appeal is wholly frivolous." Application for Leave to Withdraw as Counsel, 9/18/23, ¶¶ 8-9. Second, counsel's ***Anders*** brief

substantially confirms to the dictates of **Santiago**, including a procedural and factual history[2] of Roeting's case and stating counsel's reasons for concluding that the appeal is frivolous. **See Anders** Brief, at 5-6. Third, counsel has included a copy of the letter that was sent to Roeting, which evinces counsel's clear intention to withdraw from representation and, too, informs him of his "absolute right" to either seek new counsel or proceed *pro se*. Application for Leave to Withdraw as Counsel, 9/18/23, at Appendix A. Because the technical requirements of **Anders** have been met, we review the brief's contents to ascertain the frivolousness of any issues counsel has raised. Following that analysis, we independently review the record to establish whether Roeting's appeal is without merit in all other capacities.

In concluding that none warrant relief, counsel's brief considers three possible appellate issues: (1) the sufficiency of the evidence underpinning Roeting's conviction; (2) the legality of his sentence; and (3) the discretionary aspects of his sentence. **See Anders** Brief, 8-14.

Starting with counsel's first issue, the standard of review that this Court applies in considering sufficiency of the evidence issues is well-settled:

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient

---

[2] We note, however, that the statement of the case contained in the **Anders** brief does not contain any record citations. Despite this infirmity, record citations are contained in the "Analysis of Arguable Appellate Issues" section of the brief.

to prove every element of the offense beyond a reasonable doubt. "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." It is within the province of the fact-finder to determine the weight to accord to each witness's testimony and to believe all, part or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Steele*, 234 A.3d 840, 845 (Pa. Super. 2020) (quoting

*Commonwealth v. Colon-Plaza*, 136 A.3d 521 (Pa. Super. 2016)) (citations

omitted) (brackets in original).

We conclude that Roeting's sufficiency of the evidence claim is frivolous.

Resisting arrest is defined as follows: "[a] person commits a misdemeanor of

the second degree if, with the intent of preventing a public servant from

effecting a lawful arrest or discharging any other duty, the person creates a

substantial risk of bodily injury to the public servant or anyone else, or

employs means justifying or requiring substantial force to overcome the

resistance." 18 Pa.C.S. § 5104.

On November 11, 2021, Officer Ryan Yarnell received a dispatch

indicating that "there was some type of disturbance at [a] house … and that

the individual who was involved in that disturbance was located on the

premises at the time." N.T., 1/9/23, at 67-69. "The caller reported that Daniel

Roeting was involved in the disturbance[.]" *Id*., at 69. Officer Yarnell knew

who Roeting was prior to the dispatch. *See id*. On the way to the scene,

another officer, "using a police radio system, had communicated to [Officer

Yarnell] that … Roeting had an active warrant through [Manheim Borough's] [P]olice [D]epartment." *Id*., at 70. Officer Yarnell testified that "regardless of the outcome or disturbance, [upon his arrival, he] would have to take [Roeting] into custody at that time." *Id*.

Upon Officer Yarnell's arrival, Roeting was not at the reported house. *See id*. Eventually, Officer Yarnell saw Roeting with another officer who was explaining to Roeting that there was a warrant out for his arrest. *See id*., at 71. After that second officer informed Roeting of the warrant, "Roeting then turned away from [the officer] and began to try and evade him." *Id*. "At that point in time [Officer Yarnell] grabbed ahold of … Roeting and took him to the ground." *Id*., at 71-72. Officer Yarnell stated that Roeting was "trying to actively flee" and "kicking towards and at the direction of [the other officer]." *Id*., at 72. Officer Yarnell believed that a couple of Roeting's kicks came into contact with the other officer. *See id*.; *see also id*., at 101 (the other officer stating that he had been kicked twice, with Roeting reportedly wearing work boots at the time). Although Roeting was told to stop resisting and that he was under arrest, he "continued to attempt to pull away and resist and not allow [the officers] to handcuff him." *Id*., at 72.

Despite eventually being placed into handcuffs, Roeting "continued to pull away, become argumentative and aggressive, and [indicate] that he didn't have a warrant and that he wasn't under arrest. And even as [the officers] began to stand him up, he would continue to try and pull away from

[the officers] as [they] were trying to place him into the back rear seat of [Officer Yarnell's] police cruiser." *Id*., at 73; *see also id*., at 102 (the other officer stating that Roeting, after being handcuffed, was "jerking away the whole time, yelling[]").

Predicated on the officers' testimony, it is clear that the evidence at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to sustain Roeting's resisting arrest conviction because he "create[d] a substantial risk of bodily injury to" Officer Yarnell and the other arresting officer by kicking them, and, in the alternative, "employ[ed] means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104. *See, e.g.*, *Commonwealth v. McDonald*, 17 A.3d 1282, 1286 (Pa. Super. 2011) (finding the evidence to be sufficient for a resisting arrest conviction where the appellant was wrestled to the ground by multiple officers, refused commands, physically resisted while under threat of being tasered, and police eventually deployed the taser to arrest him). Therefore, we agree that any sufficiency challenge would be frivolous.

Moving to the legality of his sentence, under the Crimes Code, a conviction for resisting arrest is a misdemeanor of the second degree, which carries a term of imprisonment, "the maximum of which is not more than two years." 18 Pa.C.S. § 106(b)(7); *see also* 18 Pa.C.S. § 1104(2); 18 Pa.C.S. § 5104. Roeting received a six-to-twenty-four-month sentence, which amounts

to a maximum of two years. As such, his sentence was not illegal insofar as it did not exceed the statutory maximum, and any challenge on that basis would have been frivolous.

Finally, as to the discretionary aspects of his sentence, we first note our standard of review. Preliminarily, this type of challenge does not entitle an appellant to "review as of right." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Instead,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id**. (citation omitted).

Here, because Roeting did not file a post-sentence motion challenging the discretionary aspects of his sentence or preserve any claim at the sentencing hearing, he has failed to properly invoke this Court's jurisdiction and is accordingly entitled to no relief. **See id.** Considering the lack of issue preservation, we agree with counsel that any challenge in this domain would

- 8 -

have been frivolous.[3]

In accordance with **Anders**, we have independently reviewed the record to uncover other non-frivolous issues. However, this extensive review has revealed no viable issues that Roeting could pursue on appeal.

As we have found no non-frivolous issues during our independent review and further see no merit to anything explored in the **Anders** brief, we grant counsel's petition to withdraw and affirm Roeting's judgment of sentence.

_____

[3] Even if we had jurisdiction to consider Roeting's discretionary aspects of sentencing challenge, he would not be entitled to relief. Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Lekka**, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

At sentencing, the lower court noted its "ample opportunity to review" Roeting's pre-sentence investigation report. Sentencing Hearing, 6/15/23, at 7. After its review, while acknowledging that Roeting maintained his innocence and that the jury acquitted him of the more serious of the two offenses he had faced, the court ordered Roeting's sentence to run concurrent with a sentence he was serving on another docket. **See id**., at 7-8. "[W]here the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Akhmedov**, 216 A.3d 307, 329 (Pa. Super. 2019) (*en banc*) (citation omitted). We see no indication that the lower court exhibited any sort of partiality or committed a misapplication of the law.

Petition to withdraw from representation granted. Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/13/2024